M. Elizabeth Day SBN 177125
Hillary N. Bunsow SBN 278719
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Tel.: (650) 351-7248
Fax: (415) 426-4744
eday@bdiplaw.com
hillarybunsow@bdiplaw.com

*Counsel for Plaintiff*
*VideoLabs, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDEOLABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | Misc. Case No.  5:25-mc-80039 <br><br> [Related to Action Currently Pending in the United States District Court for the Western District of Texas, Case No. 6:23-cv-00641-DTG] <br><br> **VIDEOLABS, INC.'S MOTION TO COMPEL DOCUMENTS AND SOURCE CODE FROM THIRD PARTY GOOGLE LLC** |

## <u>NOTICE OF MOTION AND MOTION</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that VideoLabs, Inc. ("VideoLabs") hereby moves, pursuant to Federal Rules of Civil Procedure 37(a)(1) and 45, for an order compelling Google LLC ("Google") to produce certain documents and source code in response to VideoLabs' subpoena issued in *VideoLabs, Inc. v. HP Inc.*, No. 6:23-cv-00641-DTG (W.D. Tex.) within 14 days.

This Motion is based upon the Memorandum of Points and Authorities herein, the supporting declaration of Hillary N. Bunsow and accompanying exhibits, the proposed order submitted herewith, and on such other evidence as may be presented at any hearing on this Motion.

Pursuant to Fed. R. Civ. Proc. 37(a)(1), VideoLabs certifies that counsel for VideoLabs and Google conferred telephonically on November 12, 2024 and December 17, 2024 and exchanged numerous emails from November 12, 2024 to January 16, 2025 but were unable to resolve the issues herein.

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ...................................................................................................... 5

II.   STATEMENT OF FACTS ....................................................................................... 5

III.  VIDEOLABS' REQUESTS FOR PRODUCTION AND GOOGLE'S OBJECTIONS AND RESPONSES ............................................................................ 7

IV.   Legal Standard ...................................................................................................... 16

V.    ARGUMENT .......................................................................................................... 17

    A.   The Court should transfer this Motion to Texas for judicial economy. ........................... 17

    B.   VideoLabs' subpoena seeks relevant documents and source code regarding Google Widevine. ............................................................................................................ 18

    C.   VideoLabs' subpoena is narrowly tailored, and production of the requested documents would not be burdensome for Google. ................................................................ 21

VI.   CONCLUSION AND RELIEF REQUESTED ...................................................... 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## TABLE OF AUTHORITIES

**Cases**

*Gonzales v. Google, Inc.*,
234 F.R.D. 674 (N.D. Cal. 2006) ........................................................................17

*In re Alliance Healthcare Partners, LLC*,
No.  MC-22-00033-PHX-DWL, 2022 WL 16527952 (D. Ariz. Oct. 28, 2022) ..................... 17

*In re Subpoena to Kia Motors Am., Inc.*,
No. SACV 14-315 JLS (RNBx), 2014 WL 2118897 (C.D. Cal. Mar. 6, 2014) ..................... 17

*In re Subpoena to Payward, Inc.*,
No. 23-mc-80248-KAW, 2023 WL 6541854 (N.D. Cal. Oct. 5, 2023) ................................... 17

*Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*,
No. MC-23-00032-PHX-DWL, 2023 WL 8185701 (D. Ariz. Nov. 27, 2023) ....................... 17

*Lofton v. Verizon Wireless (VAW) LLC*,
308 F.R.D. 276 (N.D. Cal. 2015) ........................................................................... 16

*Negotiated Data Solutions LLC v. Dell, Inc.*,
No. C09–80012MISC JF (HRL), 2009 WL 733876 (N.D. Cal. Mar. 17, 2009) ..................... 16

*UBS Securities LLC v. Third Eye Capital Corp.*,
No. CV 14–3997 FMO (MANx), 2014 WL 12613381 (C.D. Cal. Oct. 21, 2014).................. 18

*Viacom Int'l, Inc. v. YouTube, Inc.*,
No. 08-cv-80211, 2009 WL 102808 (N.D. Cal. Jan. 14, 2009) ............................................. 16

**Rules**

Fed. R. Civ. Proc. 26(b)(1)......................................................................................... 16

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.   INTRODUCTION

VideoLabs, Inc. ("VideoLabs") asks this Court to enforce a subpoena served on Google LLC ("Google") in a patent infringement case currently pending against HP Inc. ("HP") in the Western District of Texas.  The subpoena contains six narrowly-tailored requests for documents and source code regarding Google's "Widevine" digital rights management (DRM) system.  The accused HP products contain Widevine, and VideoLabs' infringement theory implicates the way in which Widevine operates on those products.  Even though Widevine is clearly relevant, and the requested material is easy for Google to collect and produce, Google has lodged frivolous relevance and burden objections and refused to produce anything.  As a result, court intervention is necessary.

Google also objected to producing material because it maintains that VideoLabs' lead trial counsel should not have access to the material because the firm represents Google in an unrelated matter and thus allegedly has a conflict.  Google's objections raise complex issues regarding the management of the case and the trial that the presiding judge in the Texas litigation should resolve.  Further, the Texas court is familiar with the issues in the underlying litigation and is best suited to evaluate and resolve Google's objections to the subpoena.  Thus, for judicial economy and to avoid inconsistent rulings, VideoLabs respectfully requests that this Court transfer the instant Motion to Texas so the Texas court can resolve all issues raised herein.  Should the Court prefer to resolve this Motion, VideoLabs respectfully requests that Google be compelled to produce documents and source code responsive to the subpoena within 14 days of the Court's order.[1]

## II.   STATEMENT OF FACTS

This Motion to Compel relates to a subpoena served by VideoLabs, Inc. ("VideoLabs") on Google LLC ("Google") in the patent infringement litigation *VideoLabs, Inc. v. HP Inc.*, No. 6:23-cv-00641-DTG, pending in the Western District of Texas (the "Texas litigation").  In the Texas litigation, VideoLabs alleges that HP infringes two of its patents related to video ecosystems.  This

---

[1] Given that discovery is currently set to close on March 20, 2025, VideoLabs respectfully requests that the Court issue its order as soon as possible.

Motion relates to one patent asserted in that litigation, U.S. Patent No. 8,291,236 titled "Methods and Apparatuses for Secondary Conditional Access Server." The patent describes inventions related to secured transmission, receipt and processing of data, specifically, "[m]ethods and apparatuses for bridging two security systems so that a primary security system can control premium content distribution to external devices secured by a secondary security system." Declaration of Hillary N. Bunsow ("Bunsow Decl."), Ex. 1 ('236 Patent) at 2:56-60. VideoLabs alleges that HP infringes Claims 100, 116, 130, and 140 of the '236 Patent by making, using, selling, offering to sell, and importing into the United States products that infringe or enable infringement of the patent, including HP desktop and laptop computers.

Part of VideoLabs' infringement theory is that Digital Rights Management (DRM) systems running on HP accused products, such as Google Widevine, meet several limitations of the asserted claims. As such, on August 29, 2024 VideoLabs served a subpoena on Google requesting documents and source code related to Widevine. Bunsow Decl., Ex. 2. The subpoena was issued by the Texas court for compliance in this District. Google served Objections and Responses to the subpoena on October 3, 2024, inviting a meet and confer to discuss VideoLabs' requests. *Id.*, Ex. 3. The parties conferred telephonically on November 12, 2024. Google indicated that it would consider producing source code but did not believe document productions were necessary. *Id.*, ¶ 5. In follow-up emails, Google asked VideoLabs to explain the relevance of Widevine to the underlying litigation. *Id.*, Ex. 4 (DiMarco Nov. 21, 2024 email). VideoLabs sent Google a copy of its infringement chart for Claim 100 of the '236 Patent from the related case *VideoLabs, Inc. v. ASUSTek Computer, Inc.*, *et. al.*, No. 6:22-cv-00720-ADA (W.D. Tex.), which is substantially similar to the Claim 100 chart from the HP case with respect to Widevine, and shows Widevine as a part of its infringement theory.[2] *Id.* (Bunsow Dec. 12, 2024 email); *id.*, Ex. 5 (Claim 100 chart from ASUSTek litigation sent to Google); *id.*, Ex. 6 (Claim charts from HP litigation).

---

[2] VideoLabs served a substantially similar subpoena on Google in the ASUSTek litigation. On February 6, 2025 the court in the ASUSTek litigation bifurcated the action and stayed VideoLabs' infringement claims related to the '236 Patent. *VideoLabs, Inc. v. ASUSTek Computer, Inc.*, *et. al.*, No. 6:22-cv-00720-ADA, D.I. 76 (W.D. Tex.).

On December 20, 2024, Google offered to produce Widevine software and server source code.  Google proposed that VideoLabs review the source code and then confer again if it still believed document productions were necessary.  Google conditioned its offer to produce source code on VideoLabs' lead trial counsel, Troutman Pepper Locke, not being permitted to view the code.  Google alleges that Troutman Pepper Locke has a conflict with respect to the subpoena because Troutman Pepper Locke represents Google in an unrelated matter.  *Id.*, Ex. 4 (DiMarco Dec. 20, 2024 email).  On January 7, 2025 VideoLabs responded that there was no conflict, Troutman Pepper Locke must be permitted to view the code, and that Google must produce documents in addition to source code.  *Id.* (Bunsow Jan. 7, 2025 email).  On January 16, 2025 Google revoked its offer to produce source code, citing the "conflict" issue and asserting that Widevine is irrelevant and the subpoena is unduly burdensome.  *Id.* (DiMarco Jan. 16, 2025 email).  Google's claims that Troutman Pepper Locke has a conflict are unfounded.  In addition, Google's objections that Widevine is irrelevant and the subpoena is burdensome are frivolous—particularly since Google made those objections after it saw VideoLabs' infringement contentions showing that Widevine is a part of the infringement theory, and after it offered to produce Widevine source code.  On January 16, 2025 Google served Supplemental Objections and Responses to the subpoena adding a "Supplemental General Objection" to the relevance of Widevine.  *Id.*, Ex. 7 at 9.

Judicial economy compels transferring this Motion to Texas, where it can be resolved in conjunction with Google's "conflict" objections.  Alternatively, if this Court prefers to resolve this Motion, VideoLabs respectfully requests that the Court order Google to produce all documents and source code in its possession, custody, or control responsive to Requests for Production Nos. 1 through 6 within 14 days.

## III.    VIDEOLABS' REQUESTS FOR PRODUCTION AND GOOGLE'S OBJECTIONS AND RESPONSES

Pursuant to Civil Local Rule 37-2, VideoLabs sets forth below the requests for production in its subpoena to Google that are at issue in this Motion, as well as Google's objections and responses to those requests.

**DOCUMENT SUBPOENA REQUEST NO. 1:**

Documents, Things, and Source Code sufficient to identify and describe the design, structure, function, operation, and implementation of Widevine digital rights management (DRM) on Windows or ChromeOS devices, including but not limited to product documentation, requirement specifications, functional diagrams, whitepapers, API documentation, technical support documents, compliance and certification documents, training materials, and security documentation.

**RESPONSE TO DOCUMENT SUBPOENA REQUEST NO. 1:**

Google incorporates by reference all General Objections stated above. In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks source code relating to "design, structure, function, and implementation of Widevine digital rights (DRM) on Windows or ChromeOS devices." Google further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it fails to specify specific Windows devices, specific Windows OS versions, specific ChromeOS devices, and specific ChromeOS versions. Google objects to this Request on the grounds that it seeks highly confidential source code before a source code addendum to the Protective Order has been put in place. Google will make source code available in this case only after the Protective Order has been amended to include a source code provision and pursuant to the terms described in any such source code Protective Order provision and only as to the scope and extent warranted, if any, for a non-party to this case. Google objects to this Request on the ground that it seeks source code relating to devices that are outside the scope of this case.

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case. Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to devices that are outside the scope of this case. Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time. Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents and things that are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit. Google also objects to this Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party. Google objects to this Request as unduly burdensome to the extent that it calls for the

production of information that is publicly available or already within Plaintiffs' possession, custody, or control. Google further objects to this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documents, things, and source code "sufficient to identify and describe . . . Widevine digital rights management (DRM) on Windows or ChromeOS devices."

Google objects to this Request as vague and ambiguous in its use of the terms "Documents," "Things," "Source Code," "identify," "describe," "design," "structure," "function," "operation," "implementation," "Widevine digital rights management (DRM)," "Windows or ChromeOS devices," "product documentation," "requirement specifications," "whitepapers," "API documentation," "technical support documents," "compliance and certification documents," "training materials," and "security documentation," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance. Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

**DOCUMENT SUBPOENA REQUEST NO. 2:**

Documents, Things, and Source Code sufficient to identify and describe the design, structure, function, operation, and implementation of Widevine License Server, including but not limited to communications with or authentication of clients on Windows or ChromeOS devices and/or licensing proxy servers.

**RESPONSE TO DOCUMENT SUBPOENA REQUEST NO. 2:**

Google incorporates by reference all General Objections stated above. In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks source code relating to "design, structure, function, operation, and implementation of the Widevine License Server, including but not limited to communications with or authentication of clients on Windows or ChromeOS devices and/or licensing proxy servers." Google further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it fails to specify specific Windows devices, specific Windows OS versions, specific ChromeOS devices, and specific ChromeOS versions. Google objects to this Request on the grounds that it seeks highly confidential source code before a source code addendum to the Protective Order has been put in place. Google will make source code available in this case only after the Protective Order has been

amended to include a source code provision and pursuant to the terms described in any such source code Protective Order provision and only as to the scope and extent warranted, if any, for a non party to this case. Google objects to this Request on the ground that it seeks source code relating to devices that are outside the scope of this case.

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case. Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to devices that are outside the scope of this case. Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time. Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents and things that are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit. Google also objects to this Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party. Google objects to this Request as unduly burdensome to the extent that it calls for the production of information that is publicly available or already within Plaintiffs' possession, custody, or control. Google further objects to this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documents, things, and source code "sufficient to identify and describe the . . . Widevine License Server . . . on Windows or ChromeOS devices and/or licensing proxy servers."

Google objects to this Request as vague and ambiguous in its use of the terms "Documents," "Things," "Source Code," "identify," "describe," "design," "structure," "function," "operation," "implementation," "Widevine License Server," "communications," and "Windows or ChromeOS devices and/or licensing proxy servers," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance. Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing

proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

**DOCUMENT SUBPOENA REQUEST NO. 3:**

Documents, Things, and Source Code sufficient to identify and describe the design, structure, function, operation, and implementation of Widevine clients, including but not limited to clients embedded in applications (e.g., internet browsers and media players), the Windows or ChromeOS operating systems, or that communicate with and/or are integrated with the Content Decryption Module (CDM).

**RESPONSE TO DOCUMENT SUBPOENA REQUEST NO. 3:**

Google incorporates by reference all General Objections stated above. In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks source code relating to "design, structure, function, and implementation of Widevine clients, including but not limited to clients embedded in applications (*e.g.*, internet browsers and media players), the Windows or ChromeOS operating systems, or that communicate with and/or are integrated with the Content Decryption Module (CDM)." Google further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it fails to specify specific Windows devices, specific Windows OS versions, specific ChromeOS devices, and specific ChromeOS versions. Google objects to this Request on the grounds that it seeks highly confidential source code before a source code addendum to the Protective Order has been put in place. Google will make source code available in this case only after the Protective Order has been amended to include a source code provision and pursuant to the terms described in any such source code Protective Order provision and only as to the scope and extent warranted, if any, for a non-party to this case. Google objects to this Request on the ground that it seeks source code relating to devices that are outside the scope of this case.

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case. Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to devices that are outside the scope of this case. Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time. Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents and things that are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit. Google also objects to this

Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party. Google objects to this Request as unduly burdensome to the extent that it calls for the production of information that is publicly available or already within Plaintiffs' possession, custody, or control. Google further objects to this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documents, things, and source code "sufficient to identify and describe . . . Widevine clients, including but not limited to clients embedded in applications (*e.g.*, internet browsers and media players), the Windows or ChromeOS operating systems, or that communicate with and/or are integrated with the Content Decryption Module (CDM)."

Google objects to this Request as vague and ambiguous in its use of the terms "Documents," "Things," "Source Code," "identify," "describe," "design," "structure," "function," "operation," "implementation," "Widevine clients," "Windows or ChromeOS operating systems," and "communicate with and/or are integrated with the Content Decryption Module (CDM)," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance. Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

**DOCUMENT SUBPOENA REQUEST NO. 4:**

Product documentation provided to Widevine users and/or customers, including, for example, the "Widevine documentation package" and the "libraries, SDKs, and integration documentation provided to Widevine users."

**RESPONSE TO DOCUMENT SUBPOENA REQUEST NO. 4:**

Google incorporates by reference all General Objections stated above. In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks "[p]roduct documentation provided to Widevine users and/or customers."

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case. Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to devices that are outside the scope of this case. Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time. Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents that are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit. Google also objects to this Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party. Google objects to this Request as unduly burdensome to the extent that it calls for the production of information that is publicly available or already within Plaintiffs' possession, custody, or control. Google further objects to this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documentation "provided to Widevine users and/or customers, including for example, the 'Widevine documentation package' and the 'libraries, SDKs, and integration documentation provided to Widevine users."

Google objects to this Request as vague and ambiguous in its use of the terms "Product," "documentation," "provided," "Widevine users," "customers," "Widevine documentation package," "libraries," "SDKs," and "integration documentation," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance. Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

**DOCUMENT SUBPOENA REQUEST NO. 5:**

Documents, Things, and Source Code sufficient to identify and describe the design, structure, function, operation, and implementation of Widevine licenses,

including for example the license contents such as the key ID, content ID, and the set of rights, policies, and/or business rules for the content key.

**RESPONSE TO DOCUMENT SUBPOENA REQUEST NO. 5:**

Google incorporates by reference all General Objections stated above. In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks source code relating to "design, structure, function, and implementation of Widevine license, including for example the license contents sch as the key ID, content ID, and the set of rights, polices, and/or business rules for the content key." Google objects to this Request on the grounds that it seeks highly confidential source code before a source code addendum to the Protective Order has been put in place. Google will make source code available in this case only after the Protective Order has been amended to include a source code provision and pursuant to the terms described in any such source code Protective Order provision and only as to the scope and extent warranted, if any, for a non-party to this case. Google objects to this Request on the ground that it seeks source code relating to devices that are outside the scope of this case.

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case. Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to devices that are outside the scope of this case. Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time. Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents and things that are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit. Google also objects to this Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party. Google objects to this Request as unduly burdensome to the extent that it calls for the production of information that is publicly available or already within Plaintiffs' possession, custody, or control. Google further objects to this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documents, things, and source code "sufficient to identify and describe . . . Widevine

license, including for example the license contents such as the key ID, content ID, and the set of rights, policies, and/or business rules for the content key."

Google objects to this Request as vague and ambiguous in its use of the terms "Documents," "Things," "Source Code," "identify," "describe," "design," "structure," "function," "operation," "implementation," "Widevine licenses," "license contents," "key ID," "content ID," "set of rights, policies, and/or business rules for the content key," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance. Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

## DOCUMENT SUBPOENA REQUEST NO. 6:

Documents, Things, and Source Code sufficient to identify and describe the design, structure, function, operation, and implementation of Widevine output protection, including but not limited to high-bandwidth digital content protection (HDCP) policies.

## RESPONSE TO DOCUMENT SUBPOENA REQUEST NO. 6:

Google incorporates by reference all General Objections stated above. In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks source code relating to "design, structure, function, and implementation of Widevine output protection, including but not limited to high-bandwidth digital content protection (HDCP) policies." Google objects to this Request on the grounds that it seeks highly confidential source code before a source code addendum to the Protective Order has been put in place. Google will make source code available in this case only after the Protective Order has been amended to include a source code provision and pursuant to the terms described in any such source code Protective Order provision and only as to the scope and extent warranted, if any, for a non-party to this case. Google objects to this Request on the ground that it seeks source code relating to devices that are outside the scope of this case.

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case. Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

devices that are outside the scope of this case. Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time. Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents and things that are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit. Google also objects to this Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party. Google objects to this Request as unduly burdensome to the extent that it calls for the production of information that is publicly available or already within Plaintiffs' possession, custody, or control. Google further objects to this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documents, things, and source code "sufficient to identify and describe . . . Widevine output protection, including but not limited to high-bandwidth digital content protection (HDCP) policies."

Google objects to this Request as vague and ambiguous in its use of the terms "Documents," "Things," "Source Code," "identify," "describe," "design," "structure," "function," "operation," "implementation," "Widevine output protection," "high-bandwidth digital content protection (HDCP)," and "policies," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance. Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

## IV.   LEGAL STANDARD

Parties to litigation may serve subpoenas seeking discovery from nonparties pursuant to Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 45. The scope of permissible discovery under a Rule 45 subpoena is the same as the scope of discovery allowed under Rule 26. *See Viacom*

*Int'l, Inc. v. YouTube, Inc.*, No. 08-cv-80211, 2009 WL 102808, at *2 (N.D. Cal. Jan. 14, 2009) (quoting Advisory Committee Notes (1970)).   A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible in evidence to be discoverable.  *See id.*; *Negotiated Data Solutions LLC v. Dell, Inc.,* No. C09–80012MISC JF (HRL), 2009 WL 733876, at *2 (N.D. Cal. Mar. 17, 2009).  Relevancy is to be "construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case."  *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 280 (N.D. Cal. 2015) (citation and quotation omitted).  "A District Court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder.  Where relevance is in doubt… the court should be permissive."  *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006) (quoting *Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1206, 1211-12 (Fed. Cir. 1987)).

## V.    ARGUMENT

### A.    The Court should transfer this Motion to Texas for judicial economy.

Upon a finding of "exceptional circumstances" a court may transfer a subpoena-related motion to the court that issued the subpoena.  *See* Fed. R. Civ. P. 45(f).  This Court should transfer this Motion for resolution in the Western District of Texas where the underlying litigation is pending. The Texas court should decide Google's "conflict" objection because it raises complex issues regarding the management of the case and the trial.  Google argues that VideoLabs' lead trial counsel should not be permitted to view any productions by Google, which will greatly affect VideoLabs' ability to present its case at trial.  In addition, the Texas court is intimately familiar with VideoLabs' infringement claims, having presided over the action since June 2022 when the complaint was filed.  Thus, the Texas court is in the best position to assess VideoLabs and Google's dispute over whether discovery related to Widevine is relevant to VideoLabs' infringement claims. Judicial economy counsels that this Motion be transferred to Texas so that all of Google's objections can be resolved in one tribunal, both for efficiency and to avoid potentially inconsistent rulings in

the two tribunals.  In addition, the outcome of this Motion may have a significant impact on current case deadlines (such as the current close of fact discovery on March 20, 2025) and thus transfer is warranted to avoid disrupting the Texas court's management of the litigation.

In cases with similar circumstances, courts in the Ninth Circuit have consistently transferred subpoena-related motions to compel for resolution by the issuing court.  *See In re Subpoena to Payward, Inc.*, No. 23-mc-80248-KAW, 2023 WL 6541854, at *1 (N.D. Cal. Oct. 5, 2023) (motion best decided by issuing court as its outcome could impact discovery deadlines and trial preparation); *In re Alliance Healthcare Partners, LLC*, No. MC-22-00033-PHX-DWL, 2022 WL 16527952, at *5 (D. Ariz. Oct. 28, 2022) (issuing court better situated to consider subpoenaed party's confidentiality objections that implicated issues upon which court had already ruled); *In re Subpoena to Kia Motors Am., Inc.*, No. SACV 14-315 JLS (RNBx), 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6, 2014) (motion to compel best decided by court with control over discovery cut-off deadline); *Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*, No. MC-23-00032-PHX-DWL, 2023 WL 8185701, at *6 (D. Ariz. Nov. 27, 2023) (issuing court best suited to decide motion due to familiarity with issues); *UBS Securities LLC v. Third Eye Capital Corp.*, No. CV 14–3997 FMO (MANx), 2014 WL 12613381, at *3 (C.D. Cal. Oct. 21, 2014) (same).

### B. VideoLabs' subpoena seeks relevant documents and source code regarding Google Widevine.

The Requests for Production in VideoLabs' subpoena seek documents and source code showing the design, structure, function, operation, and implementation of Widevine.  VideoLabs accused HP of infringing the '236 Patent via HP desktop and laptop computers.  *See VideoLabs, Inc. v. HP Inc.,* No. 6:23-cv-00641-DTG, D.I. 10, ¶¶ 1, 27-33 (W.D. Tex.) (Complaint).  Some of those accused products include Google's Widevine functionality, and Widevine is a part of VideoLabs' infringement theory, as shown for example in VideoLabs' infringement chart for Claim 100 of the '236 Patent (that is substantially similar, with respect to allegations involving Widevine, to the Claim 100 chart from the ASUSTek litigation that VideoLabs sent Google).  Bunsow Decl., Ex. 6.

Claim 100 discloses "[a] data processing system to process conditional access protection, the data processing system comprising: means for receiving, at a conditional access server, security messages of a primary security system in a first security domain …"  VideoLabs' infringement

contentions map the HP accused computer products to the disclosed "data processing system" and Widevine running on those products as the "primary security system":



Bunsow Decl., Ex. 6 at 24; *see also id.* at 21-23.  The data processing system of Claim 100 further comprises a "means for processing the security messages on the conditional access server …" VideoLabs' infringement contentions show that in Widevine implementations, security messages are processed on the conditional access server.  *Id.* at 31-33.  In addition, the data processing system further comprises "means for transmitting, from the conditional access server to a secondary conditional access client through a network connection in a second security domain, access controlled data that is in an access controlled format and that is at least partially derived from the security messages …"  VideoLabs' infringement contentions show that this limitation is met in Widevine implementations.  *Id.* at 38-40.

Claim 100 further discloses that the primary security system (i.e., Widevine) "authenticates the conditional access server as one of [the] clients of the primary security system through a first authentication process using a first root of trust and the conditional access server authenticates clients of the conditional access server through a second authentication process which is independent of the first authentication process and wherein the second authentication process uses a second root of trust which is independent of and different than the first root of trust, and wherein

the conditional access server is configured [to] substitute the first security domain with the second security domain for the clients under the second root of trust." VideoLabs' infringement contentions show that Widevine "authenticates the conditional access server as one of [the] clients of the primary security system through a first authentication process using a first root of trust":

For example, Microsoft PlayReady and Google Widevine based systems authenticate the conditional access server HP Products as one of the clients of the primary security system through a first authentication process using a first root of trust.



**Source**: https://developers.google.com/widevine/drm/overview (Ecosystems)

Further, upon information and belief, Google Widevine based systems authenticate the conditional access server HP Products as one of the clients of the primary security system through a first authentication process using a first root of trust, including through a process of RSA Certificate Provisioning.

### RSA Certificate Provisioning

There is one API function for provisioning a device with an RSA certificate. The RSA provisioning request is generated and signed in a similar way to the license request described above. This is sent to a provisioning server which can decrypt the Widevine keybox and send a provisioning response back. This response message contains a certificate and an RSA key pair.

**Source:**
https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=&cad=rja&uact=8&ved=2ahUKEwj74Zb
q5_yJAxWKTjABHaW9DVYQFnoECBgQAQ&url=https%3A%2F%2Fwww.whymatematica.com%2Fwp-
content%2Fuploads%2F2018%2F08%2FWidevine_DRM_Architecture_Overview.pdf&usg=AOvVaw1M8xGgh2
JFRWwPhRawWmUZ&opi=89978449

1  *Id.* at 41-43.  VideoLabs' infringement contentions further show that in Widevine implementations

2  "the conditional access server is configured [to] substitute the first security domain with the second

3  security domain for the clients under the second root of trust."  *Id.* at 48-51.

4  VideoLabs' infringement contentions also show that Widevine is a part of VideoLabs'

5  infringement theory for Asserted Claims 116, 130 and 140.  *Id.* at 52-104.

6  As shown, Widevine is relevant to VideoLabs' infringement theory, and Google's objection

7  that Widevine is irrelevant is frivolous.

8  **C.**  **VideoLabs' subpoena is narrowly tailored, and production of the requested documents would not be burdensome for Google.**

9  VideoLabs' subpoena to Google is narrowly tailored, containing only six requests for

10  production related to Widevine.  Five out of six requests (Nos. 1-3, 5-6) seek documents and source

11  code "***sufficient to*** identify and describe the design, structure, function, operation, and

12  implementation" of various aspects of Widevine.  The sixth request (No. 4) seeks product

13  documentation that Google provides to Widevine customers.  Google objected that VideoLabs'

14  requests are burdensome, without articulating how it is allegedly burdened.

15  First, Google cannot now claim that it is too burdensome to produce Widevine software and

16  server source code, having previously offered to produce the code (before later revoking its offer).

17  Second, it would not be burdensome for Google to collect and produce internal documents about

18  Widevine, a product that Google itself developed and sells to customers.  For instance, Google

19  provides the product documentation sought by Request No. 4 to customers when they purchase

20  Widevine; thus Google can readily collect and produce that documentation.  Moreover, during

21  conferrals, Google did not identify any particular burden from collecting documents, instead

22  arguing that source code was sufficient and that VideoLabs did not need documents.  Not so. For

23  example, Google provides documents to its customers with information on how the customers

24  should implement Widevine functionality.  Such information is not readily apparent from source

25  code alone.

26  VideoLabs is permitted under the rules to seek relevant and proportional material from

27  Google, which it has done.  Google's objections lack merit, and Google should be compelled to

produce the requested documents and source code.

1

## VI.    CONCLUSION AND RELIEF REQUESTED

2

3       Pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, VideoLabs respectfully

4   requests that this Court transfer this Motion to the Western District of Texas, where the original case

5   is pending, so the Texas court can resolve the issues herein including Google's "conflict" objections.

6   Alternatively, if this Court prefers to resolve this Motion, VideoLabs respectfully requests that the

7   Court issue an order compelling Google to produce documents and source code responsive to

8   VideoLabs' Requests for Production Nos. 1 through 6 within 14 days.

9       Given that discovery is currently set to close on March 20, 2025, VideoLabs respectfully

10  requests that the Court issue its order as soon as possible.

11

Dated: February 14, 2025                    Respectfully submitted,

12

13                                          */s/ Hillary Bunsow*
                                            M. Elizabeth Day SBN 177125
14                                          Hillary N. Bunsow SBN 278719
                                            BUNSOW DE MORY LLP
15                                          701 El Camino Real
                                            Redwood City, CA 94063
16                                          Tel.: (650) 351-7248
                                            Fax: (415) 426-4744
17                                          eday@bdiplaw.com
                                            hillarybunsow@bdiplaw.com
18

19                                          *Counsel for Plaintiff*
                                            *VideoLabs Inc.*
20

21

22

23

24

25

26

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**PROOF OF SERVICE**

I, Hillary Bunsow, declare:

I am a citizen of the United States and employed in San Mateo County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 701 El Camino Real, Redwood City, CA 94063.  On February 14, 2025, I caused to be served a copy of the within document:

**VIDEOLABS' MOTION TO COMPEL GOOGLE LLC, DECLARATION OF HILLARY N. BUNSOW, EXHIBITS 1-7, PROPOSED ORDER, CIVIL COVER SHEET, VIDEOLABS' CORPORATE DISCLOSURE STATEMENT**

by mailing the document(s) listed above to the mailing addresses set forth below on this date:

Wolf Greenfield
c/o Libbie DiMarco
601 Massachusetts Avenue, NW
Washington, DC 20001

*Attorneys for Google, LLC*

by transmitting via electronic mail the document(s) listed above to the electronic email addresses set forth below on this date:

| | |
|---|---|
| Rick L. Rambo | Meaghan P. Luster |
| David J. Levy | Meaghan.Luster@WolfGreenfield.com |
| Thomas R. Davis | |
| Corey R. Houmand | Libbie DiMarco |
| Emily K. Burge | Elizabeth.DiMarco@WolfGreenfield.com |
| Eunjean Je | |
| Kandis C. Gibson | *Attorneys for Google, LLC.* |
| Stephanie L. Roberts | |
| HP-VL-Litigation@morganlewis.com | |

*Attorneys for HP Inc.*

*/s/ Hillary Bunsow*
Hillary Bunsow