# **<u>Exhibit 7</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VIDEOLABS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>        Defendant. | Civil Action No. 6:23-cv-00641-DTG |

**NON-PARTY GOOGLE LLC'S SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO THE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

Non-Party Google LLC ("Google") hereby serves the following objections and responses ("Responses") to the Subpoena for Production of Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") served upon Google by Plaintiff VideoLabs, Inc. ("Plaintiff or VideoLabs").[1]

These responses and objections (collectively, "Responses") are made solely for the purposes of the above-captioned matter. The following Responses are based on Google's present state of recollection, knowledge, and belief. These Responses are at all times subject to additional or different information that discovery may disclose and Google reserves the right to supplement these Responses. Google's responses are made without in any way waiving or intending to waive any objections as to the following, all of which are expressly reserved:

---

[1] Pursuant to agreement with VideoLabs, the deadline for Google to respond to the Subpoena was extended until October 3, 2024.

(A)    All questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the Responses or subject matter thereof, in this case or any subsequent proceeding associated with this case or any other matter;

(B)    The right to object on any ground to the use of said Responses, or the subject matter thereof, in any subsequent proceeding associated with this case or any other litigation; and

(C)    The right to object on any ground at any time to other requests, topics, or discovery procedures involving or relating to the subject matter of the Subpoena.

## GENERAL OBJECTIONS

The following general objections apply to each of the Definitions, Instructions, and Requests for Production and are hereby incorporated within each specific Response set forth below.  No specific Response is intended to constitute, or should be construed as constituting, a waiver of any general objection or an admission of any alleged or implied fact.

1.    Google objects to the Definitions, Instructions, and Requests for Production contained in the Subpoena to the extent that they are inconsistent with or seek to impose obligations beyond those imposed by the Local Civil and Patent Rules for the Western District of Texas (together, "Local Rules"), the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena.

2.    Google objects to the scope and breadth of the Subpoena, which includes 6 requests for production, many of which seek source code.  Google further objects on the grounds that the expense associated with responding to such a broad Subpoena may be unreasonably burdensome to a non-party.  Google reserves the right to seek reimbursement of costs and fees incurred in responding to the Subpoena.

2

3.     Google objects to the Definitions, Instructions, and Requests for Production to the extent they seek to impose upon non-party Google an obligation to investigate or discover information, materials, or documents from third parties or services that are otherwise accessible to Plaintiff, that are publicly available, that are outside the possession, custody, or control of Google, that are available from parties to the Civil Action, or that require Google to reply on behalf of entities or persons over whom Google exercises no control or on whose behalf Google has no authority to respond.

4.     Google objects to the Definitions, Instructions, and Requests for Production Deposition Topics to the extent that they seek to impose a duty on Google to create analyses that Google does not create or maintain in the ordinary course of business.

5.     Google objects to the place, time, and date for production of documents as set forth in the Subpoena.  The requests for production are overly broad and unduly burdensome.  Google will produce a reasonable amount of discovery in a reasonable period of time, and to the extent that such discovery is within Google's possession, custody, or control.

6.     In addition to any specific objections which may be made on an individual basis in Google's specific responses set forth below, Google objects generally to each Request for Production to the extent they seek to elicit information subject to and protected by the attorney-client privilege, attorney work-product doctrine, common interest doctrine and/or any applicable privilege.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, work-product doctrine or any other applicable privilege recognized by statute or case law.

7.     Google objects to the Definitions, Instructions, and Requests for Production to the extent that they seek to elicit confidential business information, trade secrets, other proprietary

information, or information subject to confidentiality agreements, nondisclosure agreements, or protective orders that prohibit the dissemination of such information.  As a non-limiting example, Google objects to the Requests for Production to the extent that they call for the production of "Source Code."  To the extent that Google is required to produce source code, Google will only produce relevant and reasonable amounts of source code.  Moreover, Google will make source code available only after the Protective Order (Interim Protective Order set forth in Section VIII of this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena) has been amended to include a source code provision and will make its source code available pursuant to the terms of such a source code provision and only to the extent warranted for a non-party in light of the objections contained herein, including the specific objections that follow.  To the extent any response or produced document or electronically stored information is designated as "confidential," or with some other confidential designation (such as "Confidential – Outside Attorneys' Eyes Only"), such information, including any source code, will be disclosed only to qualified individuals in accordance with the Protective Order in this case.

        8.      Google objects to the Definitions, Instructions, and Requests for Production to the extent that they seek production of information protected from disclosure by agreements between Google and third parties, or by court orders.  As a non-limiting example, Google objects generally to the Requests for Production to the extent they seek confidential, proprietary, or trade secret information of third parties.  Google will only produce such material subject to the terms of an appropriate protective order and subject to any confidentiality obligations and/or terms required by third parties.

9.      Google objects to the Definitions, Instructions, and Requests for Production to the extent that they seek discovery of information available by means that are less burdensome, less expensive, or more appropriate than by these Requests for Production.

10.      Google objects to all Instructions and Definitions in the Subpoena to the extent that those Instructions and Definitions purport to alter the plain meaning or scope of any specific Request, and on the grounds that such alteration renders the Request vague, ambiguous, overbroad, or uncertain.

11.      Google objects generally to the Requests for Production to the extent they seek information concerning products that are not imported into the United States, sold for importation into the United States, or sold in the United States after importation by Defendant in this case.

12.      Google objects generally to the Definitions, Instructions, and Requests for Production to the extent they seek information that is not relevant to the subject matter of this case or to the claims or defenses of any party, not reasonably calculated to lead to the discovery of admissible evidence, or which is otherwise outside the proper scope of discovery.

13.      Google objects to the Definitions, Instructions, and Requests for Production as unduly burdensome to the extent that they seek to require Google to provide any information beyond what is available to Google at the present time after a reasonable search of its own records and a reasonable inquiry of its present employees.

14.      Google objects to each and every one of the Definitions, Instructions, and Requests for Production to the extent they call for the production of information, documents, or things containing no date limitation, as it is overly broad, unduly burdensome, and calling for information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

15.     Google objects to the Definitions, Instructions, and Requests for Production to the extent that they are unlimited as to location as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

16.     Google objects to the Definitions, Instructions, and Requests for Production to the extent that they seek "all" information or documents that refer or relate to a particular subject as overly broad and unduly burdensome.

17.     Google objects to the Definitions, Instructions, and Requests for Production to the extent they seek a legal conclusion or expert opinion.  Any response or production of information by Google shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in the Request for Production.

18.     Google objects to each of the Definitions, Instructions, and Requests for Production to the extent that they are unduly burdensome, oppressive, overly broad, ambiguous, confusing, or vague.  Google also objects to the Definitions, Instructions, and Requests for Production to the extent that they use terms that are undefined, vague, confusing and/or ambiguous.  Google will interpret terms used by the Plaintiff based on their ordinary meaning.

19.     A response that Google "will produce" or "intends to produce" documents is not a representation that any such documents exist, and does not necessarily mean that Google possesses non-privileged documents or information.   Google will produce only such responsive, nonprivileged documents, subject to these general objections and the below specific objections, as it is able to locate with reasonable effort.

20.     Google objects to the Requests for Production to the extent that the Requests for Production purport to impose any obligation beyond the requirements of the Local Rules, the

Federal Rules of Civil Procedure, and any other relevant order, including this Court's case standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena.

21.     Google objects to the Requests for Production to the extent that the Requests for Production purport to seek information that is protected from disclosure under the Court's Interim Protective Order in a Patent Case, set forth in Section VIII of this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena, or any subsequent protective order the Court may enter in time in this litigation.

22.     Google objects to the Subpoena to the extent that it purports to require Google to produce documents, things, or information without reimbursement for the reasonable cost of gathering, copying, and producing such documents, things, or information.

23.     Google objects to the definition of the terms "You" and "Your" as overly broad and unduly burdensome to the extent it includes "Google LLC, including without limitation all their corporate locations and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture franchisees, licensees, owners, shareholders, partnership relationships and others acting on Your behalf."  Google further objects to the definition as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence to the extent that it results in seeking information that is outside the knowledge, custody, or control of Google, insomuch as the definition purports to cover parties who may not presently be employed or controlled by Google.  Google also objects to this definition to the extent that it encompasses information that is protected by the attorney-client privilege, common-interest privilege, and/or the attorney work-product doctrine, by including "attorneys."  For purposes of responding to the Requests for Production, Google will interpret "Google" to mean Google LLC.

24.     Google objects to the definition of "Person" as vague and ambiguous.  Google further objects to the definition as overly broad and unduly burdensome to the extent that the definition seeks to embrace persons that are not within the control of Google.  Google further objects to the definition as overly broad and unduly burdensome to the extent that the terms seek to embrace information, documents, or things that are not within the possession, custody, or control of Google, and to the extent that the definition extends to information, document, or things that are not relevant to any party's claims or defenses and are not proportional to the needs of the case.  Google further objects to the definition as overly broad and unduly burdensome to the extent that it seeks to impose obligations on Google beyond those obligations under federal law and the Local Rules.

25.     Google objects to the definition of "and" and "or" as vague and ambiguous.  Google further objects to the definition as overly broad and unduly burdensome to the extent that the terms seek to embrace information, documents, or things that are not within the possession, custody, or control of Google.  Google further objects to the definition as overly broad and unduly burdensome to the extent that the terms seek to embrace information, documents, or things that are not within the possession, custody, or control of Google, and to the extent that the definition extends to information, document, or things that are not relevant to any party's claims or defenses and are not proportional to the needs of the case.  Google further objects to the definition as overly broad and unduly burdensome to the extent that it seeks to impose obligations on Google beyond those obligations under federal law and the Local Rules.

26.     Google objects to the definition of "each" and "any" as vague and ambiguous.  Google further objects to the definition as overly broad and unduly burdensome to the extent that the terms seek to embrace information, documents, or things that are not within the possession,

custody, or control of Google.  Google further objects to the definition as overly broad and unduly burdensome to the extent that the terms seek to embrace information, documents, or things that are not within the possession, custody, or control of Google, and to the extent that the definition extends to information, document, or things that are not relevant to any party's claims or defenses and are not proportional to the needs of the case.  Google further objects to the definition as overly broad and unduly burdensome to the extent that it seeks to impose obligations on Google beyond those obligations under federal law and the Local Rules.

27.     Google objects to the use of the term "Source Code" in the Subpoena as vague and ambiguous.  Google further objects to the use of the term "Source Code" as overly broad to the extent that the Subpoena does not specify any time period or version of source code requested. Google will interpret "Source Code" to mean only the current version of source code as of the date the Subpoena was received by Google.  Further, Google will make source code available only after the Protective Order (Interim Protective Order set forth in Section VIII of this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena) has been amended to include a source code provision and will make its source code available only pursuant to the terms of such a source code provision and only to the extent warranted for a non-party in light of the objections contained herein, including the specific objections that follow.

**SUPPLEMENTAL GENERAL OBJECTIONS (1/16/2025)**

28.     In view of further developments, including confirmation that VideoLabs does not accuse Google's DRM software of infringement and the Amended Complaint contains no allegations relating to Chrome or Widevine, Google objects to each and every one of the Definitions, Instructions, and Requests for Production as encompassing information that is not relevant to the subject matter of this case or to the claims or defenses of any party.

## RESPONSES

Subject to any Specific Objections set forth below, and specifically incorporating each of the foregoing General Objections into each Specific Response below, and without waiving said objections and responses, Google responds as follows:

### REQUEST NO. 1

*Documents, Things, and Source Code sufficient to identify and describe the design, structure, function, operation, and implementation of Widevine digital rights management (DRM) on Windows or ChromeOS devices, including but not limited to product documentation, requirement specifications, functional diagrams, whitepapers, API documentation, technical support documents, compliance and certification documents, training materials, and security documentation.*

### RESPONSE NO. 2

Google incorporates by reference all General Objections stated above.  In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks source code relating to "design, structure, function, and implementation of Widevine digital rights (DRM) on Windows or ChromeOS devices."  Google further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it fails to specify specific Windows devices, specific Windows OS versions, specific ChromeOS devices, and specific ChromeOS versions. Google objects to this Request on the grounds that it seeks highly confidential source code before a source code addendum to the Protective Order has been put in place.  Google will make source code available in this case only after the Protective Order has been amended to include a source code provision and pursuant to the terms described in any such source code Protective Order provision and only as to the scope and extent warranted, if any, for a non-party to this case.  Google objects to this Request on the ground that it seeks source code relating to devices that are outside the scope of this case.

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case.  Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to devices that are outside the scope of this case.   Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time.  Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents and things that are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit.  Google also objects to this Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party.  Google objects to this Request as unduly burdensome to the extent that it calls for the production of information that is publicly available or already within Plaintiffs' possession, custody, or control.  Google further objects to this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documents, things, and source code "sufficient to identify and describe . . . Widevine digital rights management (DRM) on Windows or ChromeOS devices."

Google objects to this Request as vague and ambiguous in its use of the terms "Documents," "Things," "Source Code," "identify," "describe," "design," "structure," "function,"

"operation," "implementation," "Widevine digital rights management (DRM)," "Windows or ChromeOS devices," "product documentation," "requirement specifications," "whitepapers," "API documentation," "technical support documents," "compliance and certification documents," "training materials," and "security documentation," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance. Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

### REQUEST NO. 3

*Documents, Things, and Source Code sufficient to identify and describe the design, structure, function, operation, and implementation of Widevine License Server, including but not limited to communications with or authentication of clients on Windows or ChromeOS devices and/or licensing proxy servers.*

### RESPONSE NO. 4

Google incorporates by reference all General Objections stated above. In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks source code relating to "design, structure, function, operation, and implementation of the Widevine License Server, including but not limited to communications with or authentication of clients on Windows or ChromeOS devices and/or licensing proxy servers." Google further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it fails to specify specific Windows devices, specific Windows OS versions, specific ChromeOS devices, and specific ChromeOS versions. Google objects to this Request on the grounds that it seeks

highly confidential source code before a source code addendum to the Protective Order has been put in place.  Google will make source code available in this case only after the Protective Order has been amended to include a source code provision and pursuant to the terms described in any such source code Protective Order provision and only as to the scope and extent warranted, if any, for a non-party to this case.  Google objects to this Request on the ground that it seeks source code relating to devices that are outside the scope of this case.

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case.  Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to devices that are outside the scope of this case.    Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time.  Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents and things that are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit.  Google also objects to this Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party.  Google objects to this Request as unduly burdensome to the extent that it calls for the production of information that is publicly available or already within Plaintiffs' possession, custody, or control.  Google further objects to

this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documents, things, and source code "sufficient to identify and describe the . . . Widevine License Server . . . on Windows or ChromeOS devices and/or licensing proxy servers."

Google objects to this Request as vague and ambiguous in its use of the terms "Documents," "Things," "Source Code," "identify," "describe," "design," "structure," "function," "operation," "implementation," "Widevine License Server," "communications," and "Windows or ChromeOS devices and/or licensing proxy servers," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance.  Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

### REQUEST NO. 5

*Documents, Things, and Source Code sufficient to identify and describe the design, structure, function, operation, and implementation of Widevine clients, including but not limited to clients embedded in applications (e.g., internet browsers and media players), the Windows or ChromeOS operating systems, or that communicate with and/or are integrated with the Content Decryption Module (CDM).*

### RESPONSE NO. 3

Google incorporates by reference all General Objections stated above.  In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it

seeks source code relating to "design, structure, function, and implementation of Widevine clients, including but not limited to clients embedded in applications (*e.g.*, internet browsers and media players), the Windows or ChromeOS operating systems, or that communicate with and/or are integrated with the Content Decryption Module (CDM)."  Google further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it fails to specify specific Windows devices, specific Windows OS versions, specific ChromeOS devices, and specific ChromeOS versions.   Google objects to this Request on the grounds that it seeks highly confidential source code before a source code addendum to the Protective Order has been put in place.   Google will make source code available in this case only after the Protective Order has been amended to include a source code provision and pursuant to the terms described in any such source code Protective Order provision and only as to the scope and extent warranted, if any, for a non-party to this case.   Google objects to this Request on the ground that it seeks source code relating to devices that are outside the scope of this case.

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case.   Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to devices that are outside the scope of this case.    Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time.  Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents and things that are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit.  Google

also objects to this Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party.  Google objects to this Request as unduly burdensome to the extent that it calls for the production of information that is publicly available or already within Plaintiffs' possession, custody, or control.  Google further objects to this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documents, things, and source code "sufficient to identify and describe . . . Widevine clients, including but not limited to clients embedded in applications (*e.g.*, internet browsers and media players), the Windows or ChromeOS operating systems, or that communicate with and/or are integrated with the Content Decryption Module (CDM)."

Google objects to this Request as vague and ambiguous in its use of the terms "Documents," "Things," "Source Code," "identify," "describe," "design," "structure," "function," "operation," "implementation," "Widevine clients," "Windows or ChromeOS operating systems," and "communicate with and/or are integrated with the Content Decryption Module (CDM)," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance.  Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing

order governing proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

### REQUEST NO. 6

*Product documentation provided to Widevine users and/or customers, including, for example, the "Widevine documentation package" and the "libraries, SDKs, and integration documentation provided to Widevine users."*

### RESPONSE NO. 4

Google incorporates by reference all General Objections stated above.  In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks "[p]roduct documentation provided to Widevine users and/or customers."

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case.  Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to devices that are outside the scope of this case.   Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time.  Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents that are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit.  Google also objects to this Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party.  Google objects to this Request as unduly burdensome to the extent that it calls for the production of information that is publicly available or already within Plaintiffs' possession, custody, or control.  Google further objects to this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documentation "provided to Widevine users and/or customers, including for example, the 'Widevine documentation package' and the 'libraries, SDKs, and integration documentation provided to Widevine users."

Google objects to this Request as vague and ambiguous in its use of the terms "Product," "documentation," "provided," "Widevine users," "customers," "Widevine documentation package," "libraries," "SDKs," and "integration documentation," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance.  Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

## REQUEST NO. 7

*Documents, Things, and Source Code sufficient to identify and describe the design, structure, function, operation, and implementation of Widevine licenses, including for example the license contents such as the key ID, content ID, and the set of rights, policies, and/or business rules for the content key.*

**RESPONSE NO. 5**

Google incorporates by reference all General Objections stated above.  In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks source code relating to "design, structure, function, and implementation of Widevine license, including for example the license contents sch as the key ID, content ID, and the set of rights, polices, and/or business rules for the content key."  Google objects to this Request on the grounds that it seeks highly confidential source code before a source code addendum to the Protective Order has been put in place.  Google will make source code available in this case only after the Protective Order has been amended to include a source code provision and pursuant to the terms described in any such source code Protective Order provision and only as to the scope and extent warranted, if any, for a non-party to this case.  Google objects to this Request on the ground that it seeks source code relating to devices that are outside the scope of this case.

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case.  Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to devices that are outside the scope of this case.    Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time.  Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents and things that are not reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit.  Google

also objects to this Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party.  Google objects to this Request as unduly burdensome to the extent that it calls for the production of information that is publicly available or already within Plaintiffs' possession, custody, or control.  Google further objects to this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documents, things, and source code "sufficient to identify and describe . . . Widevine license, including for example the license contents such as the key ID, content ID, and the set of rights, policies, and/or business rules for the content key."

Google objects to this Request as vague and ambiguous in its use of the terms "Documents," "Things," "Source Code," "identify," "describe," "design," "structure," "function," "operation," "implementation," "Widevine licenses," "license contents," "key ID," "content ID," "set of rights, policies, and/or business rules for the content key," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance.  Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

### REQUEST NO. 8

*Documents, Things, and Source Code sufficient to identify and describe the design, structure, function, operation, and implementation of Widevine output protection, including but not limited to high-bandwidth digital content protection (HDCP) policies.*

### RESPONSE NO. 6

Google incorporates by reference all General Objections stated above.  In addition to the General Objections, Google objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks source code relating to "design, structure, function, and implementation of Widevine output protection, including but not limited to high-bandwidth digital content protection (HDCP) policies."  Google objects to this Request on the grounds that it seeks highly confidential source code before a source code addendum to the Protective Order has been put in place.  Google will make source code available in this case only after the Protective Order has been amended to include a source code provision and pursuant to the terms described in any such source code Protective Order provision and only as to the scope and extent warranted, if any, for a non-party to this case.  Google objects to this Request on the ground that it seeks source code relating to devices that are outside the scope of this case.

Google also objects to this Request as encompassing information that has no relevance to any claim or defense at issue in this case.  Google further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to devices that are outside the scope of this case.    Google further objects to this Request as overly broad and unduly burdensome and seeking information that is neither relevant nor proportional to the needs of this case, including to the extent that it is unbounded in time.  Google further objects to this Request as overly broad and unduly burdensome to the extent that it relates to documents and things that are not reasonably calculated to lead to the

discovery of evidence relevant to the claims and defenses at issue in this case, including to the extent that the burden or expense of the proposed discovery outweighs its potential benefit. Google also objects to this Request to the extent it seeks to impose a duty on Google to create analyses or information that Google does not maintain in the ordinary course of business.

Google further objects to this Request because it is overly broad and unduly burdensome for Plaintiffs to serve a request of this scope upon a non-party. Google objects to this Request as unduly burdensome to the extent that it calls for the production of information that is publicly available or already within Plaintiffs' possession, custody, or control. Google further objects to this Request on the grounds it seeks information not kept, or in a manner not kept, in the ordinary course of Google's business.

Google objects to this Request as vague and ambiguous in its use of documents, things, and source code "sufficient to identify and describe . . . Widevine output protection, including but not limited to high-bandwidth digital content protection (HDCP) policies."

Google objects to this Request as vague and ambiguous in its use of the terms "Documents," "Things," "Source Code," "identify," "describe," "design," "structure," "function," "operation," "implementation," "Widevine output protection," "high-bandwidth digital content protection (HDCP)," and "policies," which are undefined.

Subject to and without waiving any of its General and Specific Objections, Google is willing to meet and confer about this Request, including its scope and relevance. Google reserves the right to supplement, amend, or revise its Response to this Request pursuant to the Local Rules, the Federal Rules of Civil Procedure, and any other relevant order, including this Court's standing order governing proceedings in patent cases, attached as Exhibit B to the Subpoena or as may be warranted in light of ongoing discovery.

Date: January 16, 2025                    */s/ Elizabeth A. DiMarco*
                                          Elizabeth A. DiMarco
                                          edimarco@wolfgreenfield.com
                                          WOLF, GREENFIELD & SACKS, P.C.
                                          601 Massachusetts Ave NW
                                          Washington, DC 20001
                                          202.571.5001 Phone

                                          *Counsel for Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the following counsel of record via electronic mail on January 16, 2025.

Jerry D. Tice II
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Tel: (650) 318-6774
jtice@bdiplaw.com

*/s/ Elizabeth A. DiMarco*
Elizabeth A. DiMarco