Gerald B. Hrycyszyn (CA State Bar No. 227814)
ghrycyszyn@wolfgreenfield.com
Meaghan P. Luster (*pro hac vice* to be filed)
mluster@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone

Elizabeth A. DiMarco (*pro hac vice* to be filed)
edimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
601 Massachusetts Ave. NW
Washington, DC 20001
202.571.5001 Phone

*Counsel for Non-Party Google LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: MOTION OF VIDEOLABS, INC. | Case No. 5:25-mc-80039-SVK<br><br>**NON-PARTY GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DOCUMENTS AND SOURCE CODE** |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

STATEMENT OF FACTS .............................................................................................................. 2

ARGUMENT ................................................................................................................................... 4

I. There is No "Substantial Need" for the Breadth of Highly Confidential Discovery Sought............................................................................................................ 4

II. VL's Subpoena Fails to "Avoid Imposing Undue Burden or Expense" on Google................................................................................................................... 6

III. Google Should Not Be Required to Produce CBI Unless and Until there is a Protection in Place Regarding the Conflict of Interest........................................ 9

CONCLUSION............................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                          Page(s)

*Beinin v. Ctr. for Study of Popular Culture*,
   2007 WL 832962 (N.D. Cal. Mar. 16, 2007) ................................................................... 7

*Gonzales v. Google, Inc.*,
   234 F.R.D. 674 (N.D. Cal. 2006) ................................................................................... 5

*Keller v. Cox Radio, Inc.*,
   2009 WL 10700193 (W.D. Tex. Apr. 6, 2009) ............................................................... 7

*Lee v. City of Midland*,
   2024 WL 4005960 (W.D. Tex. Jan. 22, 2024) ............................................................... 6

*Maplebear Inc. v. Uber Techs., Inc.*,
   2021 WL 1845535 (N.D. Cal. Mar. 23, 2021) ............................................................... 7

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
   2016 WL 11806000 (N.D. Cal. Nov. 7, 2016) ............................................................... 6

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   2019 WL 317597 (N.D. Cal. Jan. 24, 2019), *aff'd*, 2019 WL 495600
   (N.D. Cal. Feb. 8, 2019) ................................................................................................. 8

*Sci. Applications & Rsch. Assocs. (SARA), Inc. v. Zipline Int'l, Inc.*,
   2024 WL 3925704 (N.D. Cal. Aug. 23, 2024) ............................................................... 7

*VideoLabs, Inc. v. ASUSTek Computer, Inc.*,
   No. 6:22-cv-00720-ADA (W.D. Tex.) ............................................................................ 3

*VideoLabs, Inc. v. HP Inc.*,
   Case No. 6:23-cv-00641 .................................................................................................. 1

*Vinton Steel, LLC v. Com. Metals Co.*,
   2023 WL 2518881 (W.D. Tex. Mar. 14, 2023) ............................................................. 5

*Waymo LLC v. Uber Techs., Inc.*,
   2017 WL 2929439 (N.D. Cal. July 7, 2017) ................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 26 ................................................................................................................ 5

Fed. R. Civ. P. 45 ......................................................................................................... 1, 5, 6

# INTRODUCTION

Plaintiff VideoLabs, Inc. ("VL") seeks to enforce an impermissibly broad and burdensome subpoena against non-party Google LLC ("Google") in contravention of the limits imposed by Federal Rule of Civil Procedure Rule 45 and despite a serious conflict of interest between VL's lead counsel, Troutman Pepper Locke ("Troutman"), and Google. Indeed, in apparent recognition of this conflict, VL hired separate counsel, Bunsow De Mory ("Bunsow"), to handle the subpoena against Google.

The subpoena at issue purportedly relates to a pending case (*VideoLabs, Inc. v. HP Inc.*, Case No. 6:23-cv-00641) in the Western District of Texas against defendant HP, Inc. ("the HP Litigation"). On its face, however, VL's subpoena seeks a wide breadth of discovery with no discernable relevance to the first amended complaint in the HP Litigation, which makes no references at all to Google or the Google products that are the subject of the subpoena. Google thus objected on scope and relevance grounds but offered in good faith to meet and confer. Shortly thereafter, Google discovered the persisting conflict of interest with Troutman and objected to producing its highly sensitive information until the conflict was resolved.

At all times since receiving the subpoena, Google has maintained its objections while attempting to identify an appropriately narrow scope of discovery and resolve the conflict. VL has refused to narrow the subpoena to comply with Rule 45 and refused to implement protections that would alleviate the conflict of interest. Instead, the meet-and-confer process revealed that Bunsow and Troutman were actively communicating about the subpoena against Google, with Troutman directing the strategy, including the scope of discovery sought.

Now, under the pretense of seeking "narrowly tailored discovery," VL's Motion seeks to compel an impermissible breadth of discovery from Google while still ignoring the serious

ethical conflict. Moreover, despite repeated representations to Google that Widevine was not accused of infringement, VL now tells the Court that Widevine meets several limitations of the asserted claims. As detailed herein, the discovery sought by VL is neither "narrow" nor appropriate given Troutman's continued representation of VL in the underlying litigation and role with the subpoena against Google. Google respectfully requests that the Court deny VL's motion to compel.

## STATEMENT OF FACTS

Troutman, representing VL, filed the HP Litigation on August 31, 2023. VL's initial complaint accused HP's desktop and laptop computers of infringement and included a claim chart (Complaint Exhibit 4) that referenced Google products Widevine and ChromeOS. Ex. A, 9-11, 13-15, 19-21, 23-24. Troutman currently represents Google in numerous matters. On October 17, 2023, Google notified Troutman that its representation of VL was an ethical conflict of interest in view of Troutman's continuing representation of Google. On November 8, 2023, to explicitly address Troutman's ethical conflict, VL removed from Complaint Exhibit 4 all references to Google and Google's products. *See* Ex. F (redline of Exhibit 4).

In August 2024, in apparent recognition of the conflict between Troutman and Google, VL purportedly used separate counsel, Bunsow, to serve a subpoena to non-party Google. The subpoena seeks a broad range of highly-sensitive information from Google, including technical documents and source code relating to Google's Widevine product. For example, the subpoena includes no temporal restrictions and seeks source code for Windows and ChromeOS devices, Widevine documentation provided to users, and documents and source code sufficient to provide highly detailed technical information (e.g., Widevine's design, structure, function, operation and

implementation). Google timely served objections on October 3.[1]

Between November 12, 2024 and February 6, 2025, Google's counsel conferred by email and via web conference with Bunsow regarding Google's objections. During that time, Google's counsel proposed narrowing the scope of the subpoena, including by limiting production to source code and imposing reasonable temporal limitations. Also during that time, Google's counsel discovered that the Troutman conflict addressed in 2023 persisted. Specifically, on November 12, Bunsow attorneys indicated that they needed to consult with Troutman before agreeing to narrow the subpoena. Likewise, Bunsow indicated it needed to confer with Troutman before identifying the purported relevance of Google Widevine in the HP Litigation. Concerned about the persisting conflict between Troutman and Google, Google's counsel promptly identified the conflict to Bunsow on November 21 and sought clarification over Troutman's role in enforcing the subpoena against Google. Bunsow confirmed that Troutman was indeed involved in the decision-making and enforcement strategy relating to the subpoena against Google. *See* Ex. B, 1.

Further, although Bunsow stated that Google products are not accused of infringement in the HP Litigation, Bunsow emphasized that the requested Google discovery is relevant to VL's infringement theories. Google then requested a copy of VL's infringement contentions, which had been signed by Troutman attorneys (Ex. D, 6).[2] Despite the specific changes that Troutman and VL made to the amended complaint to address Troutman's ethical conflicts, VL's infringement contentions added back references to Google products (ChromeOS, Google

---

[1] Google requested a 21-day extension to the deadline for Google to respond to the subpoena. VL agreed to the extension, which moved the deadline from September 12, 2024, to October 3, 2024.

[2] The contentions in *VideoLabs, Inc. v. ASUSTek Computer, Inc.*, No. 6:22-cv-00720-ADA (W.D. Tex.) are "substantially similar [to] the HP case with respect to Widevine." Mot. at 6.

3

Chrome, and Google Widevine). Ex. E (non-exhaustive illustration of references to Google products that were removed from the initial complaint and reinserted by Troutman into the contentions). Google promptly reiterated to Bunsow the serious conflict of interest implicated by Troutman's involvement with the subpoena.

In an attempt to resolve the disputes, Google proposed a series of compromises that would both narrow the scope of the subpoena and alleviate the ethical conflict. Google also made clear that the proposals to narrow the subpoena were contingent upon resolving the ethical conflict. *E.g.*, Ex. C, 3. VL rejected each of the proposed compromises (on scope as well as resolving the ethical conflict), and Google ultimately withdrew the proposals in view of the parties' impasse. VL proceeded to file the instant motion to compel.

## ARGUMENT

VL's subpoena to Google violates Federal Rule of Civil Procedure 45. Google has attempted on multiple occasions to narrow the scope of the subpoena and protect itself from conflicted counsel, but VL has refused to compromise. As a non-party to the HP Litigation, Google has more than complied with its obligations under Rule 45. Even now, VL refuses to compromise and seeks compulsion of an unreasonable scope of discovery from Google. VL's motion should be denied in entirety because: (1) VL cannot establish a "substantial need" for the confidential and highly-sensitive discovery sought from Google; (2) VL has failed to "avoid imposing undue burden or expense" on Google; and (3) Google should not be required to turn its confidential business information ("CBI") over to conflicted counsel, Troutman.

I.   **There is No "Substantial Need" for the Breadth of Highly Confidential Discovery Sought.**

At the outset, VL's Motion should be denied because VL fails to show a "substantial need" for the highly confidential discovery sought.

4

To obtain "trade secret or other confidential research, development, or commercial information" from a non-party, the requesting party must demonstrate a "substantial need" for the information "that cannot be otherwise met without undue hardship." Fed. R. Civ. P. 45(d)(3). VL's subpoena plainly seeks highly confidential "research, development, or commercial information," including source code, from non-party Google. Indeed, Bunsow conceded that Google may need a supplemental protective order with specific protections for Google's highly confidential source code. Declaration of Meaghan P. Luster, ¶ 15.

VL thus has the burden under Rule 45 to establish a "substantial need" for the discovery. *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006) ("Once the nonparty shows that the requested information is a trade secret or confidential commercial information, the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without undue hardship[.]'") (quoting Fed. R. Civ. P. 45(d)(3)(C)); *Vinton Steel, LLC v. Com. Metals Co.*, 2023 WL 2518881, at *3 (W.D. Tex. Mar. 14, 2023). VL's motion to compel does not even mention the "substantial need" standard. Instead, VL asserts only that its motion should be granted because it seeks purportedly "relevant" documents and source code regarding Google Widevine.

VL effectively conceded that there is no "substantial need" for Google's sensitive CBI when VL removed any reference to Google from its Complaint Exhibit 4 in the HP Litigation. Further, the amended complaint makes no reference to Google. The removal of references to Google's products from Complaint Exhibit 4 coupled with its statement that VL does not allege "that Google's DRM software infringes" (Dkt. 1-5, 12) confirm VL's discovery requests lack relevance. *See, e.g.*, Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment (explaining parties are not "entitle[d] to discovery to develop new claims or defenses that are not

already identified in the pleadings"); *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2016 WL 11806000, at *2 (N.D. Cal. Nov. 7, 2016) ("The vague placeholder language 'includes, without limitation' does nothing to expand the scope of discovery to software not specifically put at issue by the complaint."); *Lee v. City of Midland*, 2024 WL 4005960, at *10 (W.D. Tex. Jan. 22, 2024). Because VL has failed to show substantial need, let alone a need that outweighs non-party Google's confidentiality interests and the unduly burdensome nature of VL's subpoena, VL's motion should be denied. *See, e.g.*, *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2929439, at *4 (N.D. Cal. July 7, 2017) (denying in part motion to compel and granting motion to quash, noting that the moving party "do[es] not adequately explain how they have a substantial need for the requested information . . . that outweighs the confidential and commercial nature of the information requested").

## II.     VL's Subpoena Fails to "Avoid Imposing Undue Burden or Expense" on Google.

VL's motion to compel should be denied for the separate reason that VL's subpoena fails entirely to "avoid imposing undue burden or expense" on Google. *See* Fed. R. Civ. P. 45(d)(1) (imposing an affirmative duty on VL, as the party serving the subpoena, to "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena").

VL's assertion that Google's products are not accused of infringement in its attempt to avoid conflicting out its lead counsel shows why any discovery from non-party Google would be irrelevant to the HP Litigation. And to the extent there is any arguable relevance (which there is not), that relevance is marginal. Relevance—particularly when marginal at best—alone is ***not enough*** to justify non-party discovery. Instead, the non-party discovery must also be proportional to the needs of the case. *See, e.g.*, *Oracle*, 2016 WL 11806000, at *2 ("The party moving to compel bears the burden of demonstrating why the information sought is relevant and

why the responding party's objections lack merit.").

"[N]onparties subject to discovery requests deserve extra protection from the courts." *Maplebear Inc. v. Uber Techs., Inc.*, 2021 WL 1845535, at *1 (N.D. Cal. Mar. 23, 2021). "Underlying this protection is the understanding that, 'the word "non party" serves as a constant reminder of the reasons for the limitations that characterize "third party" discovery.'" *Beinin v. Ctr. for Study of Popular Culture*, 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007) (quoting *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)). For this reason, "[t]he information requested from a non-party should be narrowly drawn to meet specific needs for information." *Sci. Applications & Rsch. Assocs. (SARA), Inc. v. Zipline Int'l, Inc.*, 2024 WL 3925704, at *3 (N.D. Cal. Aug. 23, 2024); *Keller v. Cox Radio, Inc.*, 2009 WL 10700193, at *2 (W.D. Tex. Apr. 6, 2009).

Here, any marginal relevance would not be proportional to the heavy burden imposed on non-party Google. VL's Requests, which seek "Documents, Things, and Source Code" are facially overbroad and highly burdensome for numerous reasons as stated in Google's objections, including without limitation: (1) the requested Documents will be burdensome to collect and would be duplicative of any source code; (2) the Requests include no temporal limitations and VL insists that it needs nearly 10 years' worth of data including source code; (3) the Requests are also ambiguous and vague as to which Windows or ChromeOS devices are requested; and (4) VL has recently taken the position that the subpoena additionally covers Android source code despite there being no mention of "Android" in the subpoena. *E.g.*, Ex. C, 3, 12 ("The relevant operating systems are Chrome, Windows, and Android.").

VL wrongly asserts that the Requests are "narrowly tailored, and the production of the requested documents would not be burdensome." Mot. at 21. Not true. Any possible benefit from

7

the marginal, if any, relevance of the Requests is vastly outweighed by the burden of collecting and reviewing nearly 10 years' worth of source code and duplicative technical documents.

Tellingly, VL's Motion discusses relevance and proportionality only at a generalized level by pointing to an excerpt of its infringement contentions. VL's bare assertions are belied by the fact that, VL's counsel (both Bunsow and Troutman)—to avoid its conflict of interest—reiterated on multiple occasions that Widevine is not accused of infringement. *E.g.*, Ex. C, 4. VL's about-face in its motion to compel regarding its infringement position untenably leaves the Court and Google "to guess at" VideoLabs's "unstated relevance and proportionality arguments." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 317597, at *3 (N.D. Cal. Jan. 24, 2019), *aff'd*, 2019 WL 495600, at *2 (N.D. Cal. Feb. 8, 2019) ("[I]t was defendants' burden to present a reasoned explanation why they were entitled to discovery under each specific [request] on which they moved to compel.").

Notably, VL has made no effort to "avoid imposing undue burden or expense." To the contrary, VL has made this process ***more*** expensive and protracted by continually shifting positions and ultimately refusing to narrow the subpoena despite Google's ***numerous*** good faith proposed compromises. For example, Google sought to narrow discovery to source code (the most accurate evidence to describe how Widevine operates) and avoid producing the burdensome, duplicative, and vaguely defined "Documents."[3] Bunsow tentatively agreed but then—after consulting with conflicted counsel Troutman—changed its position and refused Google's proposal. Google proposed an alternative: to first produce source code (subject to a

---

[3] While concurrently attempting to resolve both the scope of the subpoena and the conflict, Google made certain proposals to narrow the discovery. Those proposals were contingent upon adequately resolving the conflict of interest.

supplemental protective order and contingent upon resolving the conflict) and revisit "Documents" if Bunsow could articulate a particularized need after reviewing the source code. VL again refused.

VL also rejected Google's attempts to narrow the temporal scope of the subpoena to the two most recent major release versions of Widevine. Instead, VL insisted that Google produce nearly 10 years' worth of source code or stipulate that "the functionality at issue was not substantively different in the pre-October 2023 releases, going back to 2016." Ex. C, 1. VL offered no explanation for why it needs source code for the full damages period from non-party Google when Google's products are purportedly not accused of infringement. VL's shifting positions and refusal to compromise thus emphasize its own unreasonableness.

### III. Google Should Not Be Required to Produce CBI Unless and Until there is a Protection in Place Regarding the Conflict of Interest.

Regardless of the Court's conclusion on the merits of the motion to compel, Google respectfully requests that production of any Google CBI not be compelled until adequate protections are in place to resolve the conflict of interest with VL's lead counsel, Troutman.

Under this District's Local Rule 11-4, every attorney admitted or otherwise permitted to practice in this Court must be "familiar and comply with the standards of professional conduct required of members of the State Bar of California." Rule 1.7, Comment [1] of the Rules of Professional Conduct of the State Bar of California specifies that "absent consent, a lawyer may not act as an advocate in one matter against a person* the lawyer represents in some other matter, even when the matters are wholly unrelated."

Troutman's continued involvement with VL's subpoena against Google is in direct violation of Local Rule 11-4 and Prof. Cond. Rule 1.7 because Troutman is adverse to Google in the HP Litigation and has not obtained Google's informed written consent.

9

VL effectively conceded that there is a conflict between Troutman and Google by hiring Bunsow to handle the subpoena. This superficial solution, however, is insufficient given that Troutman is directing the subpoena strategy and intends to use Google's CBI in the litigation. *See, e.g.*, Ex. C, 1, 10. It is untenable for Google to provide a firm that represents Google with information that the firm intends to use against Google's interests.

Google made multiple attempts at resolving the conflict, including a supplemental protective order that would preclude conflicted counsel, Troutman, from accessing Google's CBI. VL refused. According to VL, there is no conflict because VL does not allege "that Google's DRM software infringes." Dkt. 1-5, 12. But this directly contradicts VL's arguments in its Motion that VL's "infringement theory is that Digital Rights Management (DRM) systems running on HP accused products, such as Google Widevine, meet several limitations of the asserted claims." Mot., 6; *see also id.*, 18-21. VL's changing positions further highlight why the discovery sought is unjustified. VL's own statements confirm that either the Motion is unjustified because the information has marginal (if any relevance) or that a supplemental protective order precluding Troutman from accessing Google's CBI is warranted.

Google has consistently maintained that the conflict of interest issue must be resolved before non-party discovery from Google proceeds—and has proposed ways to do so. In contrast, VL has consistently been unwilling to compromise. VL's requests are improper and would prejudice Google. Thus, even if the Court grants the motion to compel in any part, Google requests that any relief be either deferred until the Troutman conflict is resolved or that a supplemental protective order be entered precluding Troutman from accessing Google's CBI.

## **CONCLUSION**

Based on the foregoing, VL's Motion should be denied in its entirety.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: March 5, 2025 | /s/ *Gerald B. Hrycyszyn* |
|  | Gerald B. Hrycyszyn (CA State Bar No. 227814) |
|  | ghrycyszyn@wolfgreenfield.com |
|  | Meaghan P. Luster (*pro hac vice* to be filed) |
|  | mluster@wolfgreenfield.com |
|  | WOLF, GREENFIELD & SACKS, P.C. |
|  | 600 Atlantic Avenue |
|  | Boston, MA 02210 |
|  | 617.646.8000 Phone |
|  |  |
|  | Elizabeth A. DiMarco (*pro hac vice* to be filed) |
|  | edimarco@wolfgreenfield.com |
|  | WOLF, GREENFIELD & SACKS, P.C. |
|  | 601 Massachusetts Ave. NW |
|  | Washington, DC 20001 |
|  | 202.571.5001 Phone |
|  |  |
|  | *Counsel for Non-Party Google LLC* |

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                           /s/ *Gerald B. Hrycyszyn*
                                                         Gerald B. Hrycyszyn