Gerald B. Hrycyszyn (CA State Bar No. 227814)
ghrycyszyn@wolfgreenfield.com
Meaghan P. Luster (*pro hac vice* to be filed)
mluster@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone

Elizabeth A. DiMarco (*pro hac vice* to be filed)
edimarco@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
601 Massachusetts Ave. NW
Washington, DC 20001
202.571.5001 Phone

*Counsel for Non-Party Google LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: MOTION OF VIDEOLABS, INC. | Case No. 5:25-mc-80039-SVK |

**DECLARATION OF MEAGHAN P. LUSTER IN SUPPORT OF NON-PARTY GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S <u>MOTION TO COMPEL DOCUMENTS AND SOURCE CODE</u>**

I, Meaghan P. Luster, declare:

1. I am an attorney at Wolf, Greenfield & Sacks, P.C. and I represent non-party Google LLC. I have personal knowledge of the facts set forth herein. If called upon as a witness, I could testify to them competently under oath.

2. Attached as Exhibit A is a true and correct copy of an excerpt of Docket No. 1-4 in the Western District of Texas litigation *VideoLabs, Inc. v. HP Inc.*, Case No. 6:23-cv-00641-DTG (the "HP Litigation").

1

3. Attached as Exhibit B is a true and correct copy of email correspondence between counsel for Google and counsel for VideoLabs ("VL") that includes emails exchanged between November 5, 2024 to December 3, 2024.

4. Attached as Exhibit C is a true and correct copy of email correspondence between counsel for Google and counsel for VL that includes emails exchanged between November 5, 2024 to January 7, 2025.

5. Attached as Exhibit D is a true and correct copy of the cover pleading of VL's final infringement contentions and priority contentions in the Western District of Texas litigation *VideoLabs, Inc. v. ASUSTeK Computer Inc.*, Case No. 22-cv-00720-ADA (the "ASUSTeK Litigation"). This document contains redactions for confidentiality. Counsel for VL indicated that the infringement contentions in the ASUSTeK litigation are "substantially similar [to] the HP case with respect to Widevine." Mot. at 6.

6. Attached as Exhibit E is an annotated demonstrative of non-exhaustive exemplary references to Google, Widevine, and ChromeOS in the initial complaint in the HP Litigation (Exhibit A), the amended complaint in the HP Litigation (Exhibit F), and the infringement contentions in the HP Litigation (Dkt. No. 1-7 (Exhibit 6)).

7. Attached as Exhibit F is a redline comparison of Docket No. 1-4 and Docket No. 10-4 in the HP Litigation.

8. Attached as Exhibit G is a true and correct copy of an excerpt of Docket No. 10-4 in the HP Litigation.

9. On October 17, 2023, Google LLC ("Google") notified Troutman Pepper Locke ("Troutman") that its representation of VL in the HP and ASUSTeK Litigations was an ethical conflict.

10. Troutman confirmed on October 31, 2023, that to address Google's concerns, it would remove references to Google's products from the complaints and/or exhibits in the HP and ASUSTeK Litigations. Subsequently, on November 8, 2023, Troutman filed an amended complaint in the HP Litigation removing references to Google's products (Exhibit G).

11. On August 29, 2024, VL served a subpoena to Google seeking a broad range of documents and source code relating to Google's Widevine product.

12. Google requested a 21-day extension to the deadline for Google to respond to the subpoena, given the scope of the information sought by the subpoena. VL agreed to the extension, which moved the deadline to respond from September 21, 2024, to October 3, 2024.

13. Google timely served its objections to VL's subpoena on October 3, 2024.

14. A month later, on November 5, VL requested a meet-and-confer with Google.

15. On November 12, 2024, Elizabeth A. DiMarco and I conferred telephonically with Hillary Bunsow and Jerry Tice, attorneys from Bunsow De Mory LLP ("Bunsow"), local counsel for VL. Google proposed that source code should be sufficient for the requests. Bunsow agreed. Google proposed the necessity of additional provisions to the protective order or a supplemental protective order before any discovery could proceed. Bunsow also agreed.

16. At the time of Google's original offer, Google did not have knowledge of Troutman's continuing conflict.

17. During the meet-and-confer on November 12, 2024, Bunsow represented that they were local counsel and that they were not making the strategy decisions related to the subpoena. Bunsow further conveyed that they needed to confer with lead counsel regarding, for example, what versions of Widevine were relevant.

18. On November 21, 2024, after a preliminary investigation of lead counsel's role in the underlying litigation and role in enforcing the subpoena, counsel for Google notified Bunsow by email that the treatment of the subpoena has created a conflict of interest and that we would be further investigating.

19. On December 17, 2024, Elizabeth A. DiMarco and I conferred telephonically with Hillary Bunsow, local counsel for VL. VL represented that Bunsow has discussed the substance of the subpoena to Google with lead counsel, Troutman.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

Date: March 5, 2025

*/s/ Meaghan P. Luster*

Meaghan P. Luster (*pro hac vice* to be filed)
mluster@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone