# EXHIBIT C

| | |
|---|---|
| **From:** | Hillary Bunsow |
| **To:** | DiMarco, Libbie A.; Luster, Meaghan P.; Jerry Tice; Elizabeth Day |
| **Cc:** | Gomez, Valeria; Lohr, Ashley |
| **Subject:** | RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google"s Objections and Responses to Subpoenas |
| **Date:** | Tuesday, January 7, 2025 3:24:41 PM |
| **Attachments:** | image001.png<br>image004.png<br>image006.png |

Libbie,

We disagree that there is any conflict of interest, and VideoLabs will not agree to a supplemental protective order that Troutman cannot sign onto.  Please provide the draft SPO, with the understanding that VideoLabs will not agree to a prohibition that prevents Troutman from signing on to the SPO.

Second, we can confirm that VideoLabs will not use the fact that Google provided discovery in response to the subpoena as a basis for opposing a motion to disqualify Troutman (though, again, there is no basis for such a motion).

Third, as discussed, we disagree that production of source code is sufficient to satisfy Google's obligations under the subpoena and we do not agree to forego document productions until after production/review of source code.  The subpoena is narrowly tailored; it contains only six RFPs.  Each RFP requests documents that cover information beyond what can be gleaned from source code.

For example, RFP 1 requests "Documents... to identify and describe the design, structure, function, operation, and implementation of Widevine digital rights management (DRM) on Windows or ChromeOS devices, including but not limited to product documentation, requirement specifications, functional diagrams, whitepapers, API documentation, technical support documents, compliance and certification documents, training materials, and security documentation."  Source code alone does not show "product documentation, requirement specifications, functional diagrams, whitepapers, API documentation, technical support documents, compliance and certification documents, training materials, and security documentation."  As another example, RFP 4 requests "Product documentation provided to Widevine users and/or customers, including, for example, the "Widevine documentation package" and the "libraries, SDKs, and integration documentation provided to Widevine users."  Source code alone does not satisfy a request for "product documentation."  These examples are not meant to be exhaustive as each of the requests includes requests for documents in addition to source code.

We disagree that such documents are duplicative and given the narrow and defined scope of the subpoena, production would not be burdensome for Google.  Please confirm that Google will produce documents in response to the RFPs in addition to source code.

As for Google's offer to produce source code, we assume that your offer to provide versions of Widevine that are relevant for October 2023 and October 2024 are meant to be read together with your offer to produce the two most recent major release versions of Windows and ChromeOS source code.  In other words, the two most recent major releases were in October 2023 and October 2024.  Is our understanding correct?  If so, we are amenable to the proposed scope of the source code production if Google will stipulate that the functionality at issue was not substantively different in the pre-October 2023 releases, going back to 2016.  We would like to work with Google to minimize the burden of needing to produce source code for all versions going back to 2016, but we also must protect against any argument that the functionality at issue was different in earlier versions.



**Hillary N. Bunsow**
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Elizabeth DiMarco <Elizabeth.DiMarco@WolfGreenfield.com>
**Sent:** Friday, December 20, 2024 11:11 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Meaghan.Luster@WolfGreenfield.com; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Valeria.Gomez@WolfGreenfield.com; Ashley.Lohr@WolfGreenfield.com
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

**[EXTERNAL]**

Hillary,

Google maintains that Troutman's role interacting with Bunsow and reliance on Google's Widevine for its infringement allegations creates an impermissible conflict of interest that prohibits Troutman's continued involvement in the litigation. Nevertheless, if you can confirm that VideoLabs and Troutman will *not* use the fact that Google provided discovery in response to the subpoena as a basis to oppose a motion to disqualify Troutman, then Google responds as follows: Google is willing to produce discovery, including source code, subject to its previously-stated objections pursuant to a supplemental protective order that Troutman cannot sign onto until such time that either Troutman and Google resolve any conflict dispute by themselves or through the Court.

Please let us know if we have agreement on the two above issues, and we will circulate a draft supplemental protective order ("SPO") for each litigation. To the extent you disagree, please let us know which you disagree with and your legal basis. Once these SPOs are entered, we will make source code available subject to our objections and responses and our further responses below.

- The source code will be made available for review in Wolf Greenfield's Boston office.

- Regarding your requests for documents in addition to source code, as we indicated during our meet and confers on November 12 and December 17, source code will be more than sufficient to provide the information you are seeking and is the source of truth. Collecting documents is not only duplicative for Google but also burdensome. Here, the burden outweighs any marginal relevance the documents may have. While you previously agreed on our meet and confer on November 12 that source code should be sufficient, your email on November 14 indicates the opposite. We will make source code available promptly upon the entry of the SPOs. If, after review of the source code, VideoLabs believes there is a gap in information that would justify further document collection search efforts from Google, we will confer with you at that time and consider that request.

- Regarding the versions of Widevine and/or timeframe covered by the requests, upon entry of the SPOs, Google will provide the versions of Widevine that are relevant for October 2023 and October 2024 (subject to the limitation below regarding the scope of source code being produced).

- Regarding the device operating systems requested by the subpoena, despite there being no mention of Android in the subpoena, VideoLabs now requests Windows, Chrome, and Android Widevine source code. Google objects to the request for Android source code as outside the scope of the subpoena. Upon entry of the SPOs, Google will produce the two most recent major release versions of Windows and ChromeOS source code.

- Regarding your request for server code, upon entry of the SPOs, Google will also make server source code available for inspection.

We trust our updates and responses resolve all outstanding email inquiries.

Regards,

Libbie



**Libbie DiMarco**
*she/hers*
**Shareholder**
Admitted to Practice: NY, MA
elizabeth.dimarco@wolfgreenfield.com
202.240.1710
**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** DiMarco, Libbie A.
**Sent:** Wednesday, December 18, 2024 7:49 AM
**To:** 'Hillary Bunsow' <hillarybunsow@bdiplaw.com>; Luster, Meaghan P. <Meaghan.Luster@wolfgreenfield.com>; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Gomez, Valeria <Valeria.Gomez@wolfgreenfield.com>; Lohr, Ashley <Ashley.Lohr@wolfgreenfield.com>
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

Hillary,

As discussed, we will provide an update on our position by Friday. In the meantime, can you confirm that, if Google provides the requested discovery, VideoLabs and Troutman will ***not*** use that fact as a basis to oppose a motion to disqualify Troutman?

We believe there is a conflict of interest with Troutman representing VideoLabs and relying on Google Widevine as part of their infringement theory. If VideoLabs might use Google's production of discovery to oppose a motion to disqualify, that will inform our position on whether we can agree to move forward with producing the information requested.

Regards,

Libbie

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Tuesday, December 17, 2024 4:33 PM
**To:** Luster, Meaghan P. <Meaghan.Luster@WolfGreenfield.com>; DiMarco, Libbie A. <Elizabeth.DiMarco@WolfGreenfield.com>; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Gomez, Valeria <Valeria.Gomez@WolfGreenfield.com>; Lohr, Ashley <Ashley.Lohr@WolfGreenfield.com>
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

Meaghan and Libbie,

Thanks for the call today and agreeing to provide an update by Friday regarding Google's claim of an alleged conflict regarding enforcement on the subpoena. As discussed, we disagree that there is any conflict, particularly in light of the fact that Videolabs does not accuse Google of infringement.

We also understand that you will provide an update on what, if anything, Google will produce in response to the subpeona "soon." Given that we asked that information over a month ago with no update to date, if we don't receive a response by Friday, we reserve the right to move to compel next week.

In addition, please provide an update by Friday regarding what additions, if any, Google proposes to the Protective Order. We also requested that information over a month ago, with no update to date.



Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Hillary Bunsow
**Sent:** Friday, December 13, 2024 4:23 PM
**To:** Luster, Meaghan P. <Meaghan.Luster@WolfGreenfield.com>; DiMarco, Libbie A. <Elizabeth.DiMarco@WolfGreenfield.com>; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Gomez, Valeria <Valeria.Gomez@WolfGreenfield.com>; Lohr, Ashley <Ashley.Lohr@WolfGreenfield.com>
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

Meaghan,

See attached.



**Hillary N. Bunsow**

*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com   |   hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

---

**From:** Luster, Meaghan P. <Meaghan.Luster@WolfGreenfield.com>
**Sent:** Friday, December 13, 2024 5:19 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; DiMarco, Libbie A. <Elizabeth.DiMarco@WolfGreenfield.com>; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Gomez, Valeria <Valeria.Gomez@WolfGreenfield.com>; Lohr, Ashley <Ashley.Lohr@WolfGreenfield.com>
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

**[EXTERNAL]**

Hillary,

Thank you for sending the excerpt (claim 100) of VideoLabs' most recent infringement contention claim chart redacted for third party confidentiality. However, to fully evaluate your infringement contention claim chart, we need to view the cover pleading for your infringement contentions. Therefore, we request that you provide a copy of the cover pleading for VideoLabs's infringement contentions for our review. If you need to redact third-party confidential information, we will accept a redacted version.

Kind regards,
Meaghan

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Thursday, December 12, 2024 5:31 PM
**To:** DiMarco, Libbie A. <Elizabeth.DiMarco@WolfGreenfield.com>; Luster, Meaghan P. <Meaghan.Luster@WolfGreenfield.com>; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Gomez, Valeria <Valeria.Gomez@WolfGreenfield.com>; Lohr, Ashley <Ashley.Lohr@WolfGreenfield.com>
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

Libbie,

I am attaching an excerpt (claim 100) of VideoLab's most recent infringement contention claim chart redacted for

third party confidentiality.

For a specific example from the attached chart of how Widevine is relevant to VideoLab's infringement claims in the litigation, the publicly available figure below and the accompanying description on the website illustrate how Google Widevine may be configured to facilitate license acquisition and authenticate the conditional access server in the asserted claims:



https://developers.google.com/widevine/drm/overview


Further, for example, licenses may be processed on the conditional access server in the Widevine implementations.

## Content Decryption Module

Widevine installs a Content Decryption Module (CDM) on every device that plays back encrypted content. The module is unique for each type of device and has three major functions:

1. When the Player determines that the content is encrypted, it tells the CDM to generate a license request. The MPD and PSSH (Protection System Specific Header) information is retrieved from the content and parsed in order to determine the DRM system to be used.
2. The CDM then creates an encrypted license request object which it passes back to the Player. The Player will then pass the encrypted license object to the License Server.
3. Next, when the License Server responds to the Player request, it sends an encrypted object containing license information to the Player. Finally, the Player passes the encrypted object to the CDM, which in turn passes it to the OEMCrypto Module for decryption.

## OEMCrypto Module

The OEMCrypto Module decrypts the content using information passed to it from the Player (and the License Server). The OEMCrypto Module is in the Trusted Layer of the device and is tied into the device hardware. It uses the encrypted license information to decrypt the media, and the media sent to the video stack.

Source: Google, Widevine DRM Overview, (2017)
Available at
https://www.whymatematica.com/wpcontent/uploads/2018/08/Widevine_DRM_Architecture_Overview.pdf



**Hillary N. Bunsow**
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Hillary Bunsow
**Sent:** Wednesday, December 11, 2024 6:35 AM
**To:** Elizabeth DiMarco <Elizabeth.DiMarco@WolfGreenfield.com>; Meaghan.Luster@WolfGreenfield.com; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Valeria.Gomez@WolfGreenfield.com; Ashley.Lohr@WolfGreenfield.com
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

Libbie,

We are considering your request regarding the infringement contentions.

In the meantime, let's set the meet and confer for Tuesday at 4 pm EST.  I will circulate an invite.



Hillary N. Bunsow

*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

---

**From:** Elizabeth DiMarco <Elizabeth.DiMarco@WolfGreenfield.com>
**Sent:** Tuesday, December 10, 2024 2:47 PM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Meaghan.Luster@WolfGreenfield.com; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Valeria.Gomez@WolfGreenfield.com; Ashley.Lohr@WolfGreenfield.com
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

**[EXTERNAL]**

Hillary,

We are considering your response.  However, to fully assess your position, we need to view VideoLabs's infringement contentions.  For example, while you assert that "though Widevine itself is not accused of infringement, it is relevant to VideoLabs' infringement claims against HP and ASUSTek."  We cannot fully evaluate that position without seeing VideoLabs's infringement contentions.  Therefore, we request that you provide a copy of VideoLabs's infringement contentions for our review.  If you need to redact third-party confidential information, we will accept a redacted version.

We agree that a meet-and-confer may be helpful in resolving the remaining disagreements.  We are available during the windows below.  Please let us know what works for you.

- **Monday, December 16:**
    - 11am – 2pm ET
    - 2:30pm – 5pm ET
- **Tuesday, December 17:**
    - 4pm – 5pm ET

Best regards,

Libbie

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Friday, December 6, 2024 6:33 PM
**To:** DiMarco, Libbie A. <Elizabeth.DiMarco@WolfGreenfield.com>; Luster, Meaghan P. <Meaghan.Luster@WolfGreenfield.com>; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>

**Cc:** Gomez, Valeria <Valeria.Gomez@WolfGreenfield.com>; Lohr, Ashley <Ashley.Lohr@WolfGreenfield.com>
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

Libbie,

We disagree that there is any conflict of interest related to the Google subpoena. Google is a third party—it is not a defendant in the underlying HP and ASUSTek cases, and VideoLabs does not allege in the underlying cases that Google's DRM software infringes VideoLabs' patents. Thus even if Troutman Pepper were handling the Google subpoena, there would be no conflict of interest. It was only out of an abundance of caution that VideoLabs retained Bunsow De Mory to handle the subpoena instead.

As for the relevance of Widevine in the HP and ASUSTek cases, though Widevine itself is not accused of infringement, it is relevant to VideoLabs' infringement claims against HP and ASUSTek. All RFPs in the subpoena relate to asserted U.S. Patent No. 8,291,236, "Methods and Apparatuses for Secondary Conditional Access Server," which describes inventions related to secured transmission, receipt and processing of data. Each of these requests are directed to various aspects of the Widevine DRM system. The Widevine DRM system is an example of a Digital Rights Management system that content providers such as Netflix or Hulu can utilize to interact with the claimed conditional access server at the client side. The relevance of DRM systems such as Widevine is explained in the '236 Patent infringement chart attached as Exhibit 14 to the complaint.

We disagree that any amendments VideoLabs may have made to its complaint have any bearing on the relevance of the subpoena to Google. The subpoena seeks information that is highly relevant to the case, within the scope of discovery permitted by the Federal Rules.

To the extent Google continues to refuse to produce documents in response to the subpoena, please let us know your availability next week for a meet and confer in advance of VideoLabs moving to compel.



Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

---

**From:** Elizabeth DiMarco <Elizabeth.DiMarco@WolfGreenfield.com>
**Sent:** Tuesday, December 3, 2024 8:34 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Meaghan.Luster@WolfGreenfield.com; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Valeria.Gomez@WolfGreenfield.com; Ashley.Lohr@WolfGreenfield.com
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

**[EXTERNAL]**

Hillary,

We understand that you are working with Troutman in connection with the subpoena against Google and that Troutman has provided input on the substance of the subpoena. Troutman can provide you with further details regarding the conflict of interest between Troutman and Google. Troutman's involvement behind the scenes implicates the same conflict as Troutman formally handling the subpoena.

Can you please clarify how the information sought by the subpoena has any relevance to the litigation given the November 2023 amendments to the complaint to **remove** all references from Widevine?

Regards,

Libbie

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Monday, December 2, 2024 12:46 PM
**To:** DiMarco, Libbie A. <Elizabeth.DiMarco@WolfGreenfield.com>; Luster, Meaghan P. <Meaghan.Luster@WolfGreenfield.com>; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Gomez, Valeria <Valeria.Gomez@WolfGreenfield.com>; Lohr, Ashley <Ashley.Lohr@WolfGreenfield.com>
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

Counsel,

I am following up on your allegation below that the "treatment of the subpoena has created a conflict of interest" and your statement that you will provide "further information." Please provide that "further information" as soon as possible.



Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Elizabeth DiMarco <Elizabeth.DiMarco@WolfGreenfield.com>
**Sent:** Thursday, November 21, 2024 2:12 PM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Meaghan.Luster@WolfGreenfield.com; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Valeria.Gomez@WolfGreenfield.com; Ashley.Lohr@WolfGreenfield.com
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections

and Responses to Subpoenas

> **[EXTERNAL]**

Counsel,

We believe the treatment of the subpoena has created a conflict of interest and are investigating.  We will respond with further information after we complete our investigation.  In the meantime, please clarify how the subpoena seeks information with any relevance to the pending litigations.  Specifically, in the HP litigation, VideoLabs amended Exhibit 4 to its complaint on November 8, 2023 and removed all allegations relating to Widevine.  And in the Asustek litigation, VideoLabs never raised any allegations relating to Widevine.  We fail to see how the significant burden of the discovery you seek from Google outweighs its marginal (if any) relevance.

With respect to the experts you've identified, your notice is premature given that the parties have not yet agreed to a supplemental protective order.  The notice period will begin once any such SPO is entered.

Regards,
Libbie



**Libbie DiMarco**
*she/hers*
**Shareholder**
Admitted to Practice: NY, MA
elizabeth.dimarco@wolfgreenfield.com
202.240.1710
**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Thursday, November 21, 2024 2:26 PM
**To:** Luster, Meaghan P. <Meaghan.Luster@WolfGreenfield.com>; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** DiMarco, Libbie A. <Elizabeth.DiMarco@WolfGreenfield.com>; Gomez, Valeria <Valeria.Gomez@WolfGreenfield.com>; Lohr, Ashley <Ashley.Lohr@WolfGreenfield.com>
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

Counsel:

Please provide a response to the below.



Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

**From:** Hillary Bunsow
**Sent:** Thursday, November 14, 2024 4:12 PM
**To:** Meaghan.Luster@WolfGreenfield.com; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Elizabeth DiMarco <Elizabeth.DiMarco@WolfGreenfield.com>; Valeria.Gomez@WolfGreenfield.com; Ashley.Lohr@WolfGreenfield.com
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

Hi Meaghan and Libbie,

I write to follow up on the parties' meet and confer on November 12.

First, you indicated that Google would like to propose additional provisions to the Protective Orders or a Supplemental Protective Order, and that you would send that over for our consideration. Please send us Google's proposal as soon as possible.

Second, you asked whether we would like Google to make its source code available for review in Boston or Washington, D.C. We would prefer to review the source code in Boston. Please confirm.

Third, you indicated that Google does not intend to produce documents, only source code, and that the source code will provide all of the information we need. We disagree. For instance, RFP 4 specifically identifies the Widevine documentation package and the libraries, SDKs, and integration documentation delivered to device manufacturers and chipset vendors, described at https://www.widevine.com/solutions/widevine-drm. This document package is relevant to the claims at issue as it contains specific information regarding the Widevine content protection technology and integration with the device and chipsets. Since these documents are regularly made available to customers, we anticipate that their retrieval should not be burdensome. Please confirm that Google will produce these documents, and when.

Fourth, you asked what versions of Widevine we are requesting and/or the timeframe covered by the requests. We request information for all Widevine versions in operation from 2017 to present.

Fifth, you asked what operating systems are relevant. The relevant operating systems are Chrome, Windows, and Android.

Finally, you asked whether we are requesting server code. We are requesting server code; please confirm that it will be produced. For example RFPs 2 and 6 request information regarding what the server sends to the device. To the extent that information is not to be found in the server code, we also request that Google produce server documentation that includes the requested information.

In addition, VideoLabs identifies the following experts to review designated material in this matter: Justin Blok, Sunil Khatri, Zixiang Xiong, and Jeffrey Bloom. Their materials are attached.



Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**

> +1-415-426-4727  o  |  +1-707-738-2455  m
> 701 El Camino Real, Redwood City, CA 94063
> www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

---

**From:** Hillary Bunsow
**Sent:** Tuesday, November 12, 2024 12:11 PM
**To:** Meaghan.Luster@WolfGreenfield.com; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Elizabeth DiMarco <Elizabeth.DiMarco@WolfGreenfield.com>; Valeria.Gomez@WolfGreenfield.com; Ashley.Lohr@WolfGreenfield.com
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

Hi Meaghan and Libbie,

Thanks for the call.  Attached is the protective order recently entered in the ASUSTek case, and I am also re-attaching the protective order from the HP case.



Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.

---

**From:** Meaghan.Luster@WolfGreenfield.com <Meaghan.Luster@WolfGreenfield.com>
**Sent:** Thursday, November 7, 2024 10:45 AM
**To:** Hillary Bunsow <hillarybunsow@bdiplaw.com>; Jerry Tice <jtice@bdiplaw.com>; Elizabeth Day <eday@bdiplaw.com>
**Cc:** Elizabeth DiMarco <Elizabeth.DiMarco@WolfGreenfield.com>; Valeria.Gomez@WolfGreenfield.com; Ashley.Lohr@WolfGreenfield.com
**Subject:** RE: VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

**[EXTERNAL]**

Counsel,

We are available Tuesday, November 12 at 3pm ET.

If that time is agreeable to you, please circulate an invite.

Kind regards,
Meaghan

---

**From:** Hillary Bunsow <hillarybunsow@bdiplaw.com>
**Sent:** Tuesday, November 5, 2024 3:37 PM
**To:** DiMarco, Libbie A. <Elizabeth.DiMarco@WolfGreenfield.com>; Luster, Meaghan P. <Meaghan.Luster@WolfGreenfield.com>; Gomez, Valeria <Valeria.Gomez@WolfGreenfield.com>; Lohr, Ashley <Ashley.Lohr@WolfGreenfield.com>
**Cc:** Elizabeth Day <eday@bdiplaw.com>; Jerry Tice <jtice@bdiplaw.com>
**Subject:** VideoLabs v. ASUSTek Computer, No. 22-00720; VideoLabs v. HP, No. 23-00641 - Google's Objections and Responses to Subpoenas

Counsel:

I am writing regarding VideoLabs' subpoenas to Google in the litigations *VideoLabs, Inc. v. ASUSTeK Computer, Inc., et al.*, No. 6:22-cv-00720, WDTX and *VideoLabs, Inc. v. HP Inc.*, No. 6:23-cv-00641, WDTX. The Court in the HP case has entered a protective order (see attached), and the parties filed a joint motion for entry of a protective order in the ASUSTeK case (proposed protective order attached). As such, we would like to schedule a meet and confer with Google to address Google's objections to VideoLabs' subpoenas. Please let us know your availability the end of this week and early next week for a meet and confer.



Hillary N. Bunsow
*Senior Associate & Pro Bono Coordinator*
**Bunsow De Mory LLP**
+1-415-426-4727  o  |  +1-707-738-2455  m
701 El Camino Real, Redwood City, CA 94063
www.bdiplaw.com  |  hillarybunsow@bdiplaw.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the named recipient(s) above and may contain confidential information, legally privileged information and attorney-client work product. The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any copies of any email and printout thereof. Thank you.