# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIDEOLABS, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>ASUSTEK COMPUTER INC.,<br><br>    Defendant. | CA No. 22-cv-00720-ADA<br><br>**Jury Trial Demanded** |

**PLAINTIFF VIDEOLABS, INC.'S FINAL INFRINGEMENT CONTENTIONS AND PRIORITY DATE CONTENTIONS**

Pursuant to the Court's Standing Order Governing Proceedings – Patent Cases dated January 23, 2024, Plaintiff VideoLabs, Inc. ("Plaintiff" or "VideoLabs") hereby provides its final infringement contentions to Defendant ASUSTeK Computer Inc. ("Defendant" or "Asus"). *See* Appendices A-F, H, and I (Appendix G removed, U.S. Patent No. 7,525,535 dismissed) (Dkt. No. 46).

**Asserted Claims and Accused Products**

VideoLabs contends that Asus infringes and/or has infringed U.S. Patent Nos. 7,769,238 (the "'238 Patent"), 8,139,878 (the "'878 Patent"), 8,208,542 (the "'542 Patent"), 7,219,027 (the "'027 Patent"), 7,970,059 (the "'059 Patent"), and 8,291,236 (the "'236 Patent") (collectively, the "Asserted Patents"), either literally or under the doctrine of equivalents. The Court's final Claim Construction Order is not yet entered. To the extent Asus advances any non-infringement or claim construction positions and/or the Court enters any constructions affecting literal infringement, VideoLabs reserves the right to supplement its contentions to articulate infringement under the doctrine of equivalents. Asus infringes and/or has infringed under

-1-

35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling within the United States its products including, without limitation, servers, desktop computers, laptop computers, tablet computers, monitors, and/or smartphones (the "Accused Products") that embody the claimed devices, systems, and/or methods.  Asus also infringes and/or has infringed under 35 U.S.C. § 271(a) by importing into the United States the Accused Products.  Asus also indirectly infringes and/or has indirectly infringed under 35 U.S.C. §§ 271(b) and (c), either literally or under the doctrine of equivalents, by actively inducing and/or contributing to, and/or having induced and/or contributed to, infringement of the Asserted Patents.

**Direct Infringement Under 35 U.S.C. § 271(a)**

Asus directly infringes and/or has directly infringed the Asserted Patents under 35 U.S.C. § 271(a) when it makes, uses, offers to sell, and sells within the United States, and imports into the United States the Accused Products.  VideoLabs also incorporates by reference the allegations from its Amended Complaint (Dkt. No. 9).

**Induced Infringement Under 35 U.S.C. § 271(b)**

VideoLabs contends that Asus indirectly infringes and/or has indirectly infringed under 35 U.S.C. § 271(b) by inducing infringement of the Asserted Patents.  VideoLabs contends that Asus actively induces and/or has induced infringement by third parties, such as end users who use the Accused Products.

Asus has had and continues to have knowledge of the Asserted Patents.  To the extent that Asus denies knowledge, Asus has been willfully and deliberately blind to the Asserted Patents and that its inducing acts constitute and/or constituted patent infringement.  VideoLabs is a known professional intellectual property services company and licensing platform with whom Asus has great familiarity, including Asus's knowledge of VideoLabs's patent portfolio.  VideoLabs contends that Asus knowingly developed and sold its infringing products and induced

██████████████████████████████████████████████████████████

others to infringe in a manner that was known to Asus as infringing or was so obvious that Asus should have known about this infringement.

Asus has caused direct infringers, including third parties, to directly infringe the Asserted Patents. Asus has had and continues to have knowledge and specific intent that its inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause the infringing acts. For example, Asus is aware that the features claimed in the Asserted Patents are features in the Accused Products and, therefore, that purchasers will infringe the Asserted Patents by using the Accused Products. *See, e.g.,* ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████.

Asus actively induces infringement, or has actively induced infringement, of the Asserted Patents with knowledge of the Asserted Patents and of the infringement. Asus has the specific intent to encourage that infringement by, for example, providing manuals to its customers and instructing them to use the Accused Products in a manner to practice the asserted claims of the Asserted Patents (including, but not limited to, the documents, websites, and videos described in the attached Appendices A-F, H, and I and identified in the Amended Complaint) to others including, but not limited to, customers. Asus designs its products to be intuitive to end users and for those end users to use the products in the manner they are designed to be used – *i.e.*, in an infringing manner. Those third parties directly infringe and/or directly infringed the Asserted Patents by making, using, selling, offering for sale, and/or importing the Accused Products. VideoLabs incorporates by reference its contentions from its Amended Complaint (Dkt. No. 9).

**Contributory Infringement Under 35 U.S.C. § 271(c)**

Asus infringes and/or has infringed under 35 U.S.C. § 271(c) by offering to sell and selling within the United States and importing into the United States the Accused Products,

which constitute a material part of the inventions of the Asserted Patents. Asus knows the Accused Products are especially adapted for use in infringement of the Asserted Patents, and they are not a staple article or commodity of commerce suitable for non-infringing use.

For example, Asus designs its products to be intuitive to end users and for those end users to use the products in the manner they are designed to be used; those uses are infringing. Asus has had and continues to have knowledge both of the Asserted Patents and that others including, but not limited to, customers, infringe the Asserted Patents because, due to their specific designs, the Accused Products and components thereof do not have any substantial non-infringing uses. VideoLabs incorporates by reference its contentions from its Amended Complaint (Dkt. No. 9).

**Patent Priority Dates**

Subject to ongoing discovery and investigation, based on available information to date, VideoLabs asserts the following dates as the earliest date of invention for each of the Asserted Patents and asserted claims. VideoLabs reserves the right to identify any confidential documents relating to the conception and/or reduction to practice of the claimed inventions after a protective order has been entered in this action. VideoLabs reserves the right to identify any privileged documents relating to the conception and/or reduction to practice of the claimed inventions on a privilege log subject to any agreement of the parties regarding exchange of privilege logs, including conditions regarding, for example, an agreed upon date for exchanging privilege logs and/or any agreement regarding a cutoff date for logging privileged communications. VideoLabs also reserves the right to produce and rely on any such documents.

| Asserted Patent | Asserted Claims | Priority Date |
| --- | --- | --- |
| '238 Patent | 1 | The asserted claim of the '238 Patent is entitled to a priority date no later than April 15, 2002. |
| '878 Patent | 1-4 | The asserted claims of the '878 Patent are entitled to a priority date no later than April 15, 2002. |

| | | |
|---|---|---|
| '542 Patent | 1 and 2 | The asserted claims of the '542 Patent are entitled to a priority date no later than April 19, 2002. |
| '027 Patent | 1-7, 9-16 | The asserted claims of the '027 Patent are entitled to a priority date no later than January 20, 2006. |
| '059 Patent | 3 | The asserted claim of the '059 Patent is entitled to a priority date no later than April 26, 2002. |
| '236 Patent | 100, 116, 130, and 140 | The asserted claims of the '236 Patent are entitled to a priority date no later than December 7, 2004. |

**File Histories**

Copies and file histories of the Asserted Patents are contained within the production of documents bearing production numbers – VLASUS0000001-VLASUS0002936.

**Reservation of Rights**

VideoLabs provides these contentions and charts based on the information presently available to VideoLabs and based on its present understanding. The citations from documents, videos, and other information in this document and the attached charts are exemplary. Where VideoLabs cites a portion of a document, video, or other information, VideoLabs incorporates the entirety of the document, video, or other information by reference. VideoLabs reserves the right to use and rely on additional information, including information that will be produced in discovery in this case and the related cases between the parties. VideoLabs reserves the right to update, amend, correct, and otherwise modify these contentions, including as discovery in this case progresses.

| | |
|---|---|
| Date:  December 2, 2024 | Respectfully submitted, |
| | /s/  *Gregory D. Len* |
| William D. Belanger* | Max Ciccarelli |
| Gregory D. Len* |     State Bar No. 00787242 |
| Frank D. Liu | Ciccarelli Law Firm LLC |
| Griffin Mesmer* | 100 N 6th Street, Suite 502 |
| Troutman Pepper Hamilton Sanders LLP | Waco, Texas 76701 |
| 19th Floor, High Street Tower | Tel:  214.444.8869 |
| 125 High Street | Email:  Max@CiccarelliLawFirm.com |
| Boston, Massachusetts 02110 | |
| Tel:  617.204.5100 | ***Counsel for Plaintiff*** |
| Emails: videolabsitc@troutman.com | ***VideoLabs, Inc.*** |
|        william.belanger@troutman.com | |
|        gregory.len@troutman.com | |
|        frank.liu@troutman.com | |
|        griffin.mesmer@troutman.com | |

Ryan C. Deck*
Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, New Jersey 08540
Tel: 609.452.0808
Email: ryan.deck@troutman.com

*admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2024, a copy of the foregoing document and its attachments were served upon the following counsel of record via TitanFile:

Chris R Schmidt
Eric A Buresh
Michelle L. Marriott
Erise IP, P.A.
Nickolas R. Apel
Lydia C. Raw
7015 College Blvd., Suite 700
Overland Park, KS 66211
Phone: (913)777-5600
Fax: (913)777-5601
Email: ASUS-VL@eriseip.com

Joseph V. Colaianni , Jr.
Linhong Zhang
David M. Hoffman
Fish & Richardson P.C.
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20005
Phone: 202-783-5070
Fax: 202-783-2331
Email: colaianni@fr.com
　　　　lwzhang@fr.com
　　　　hoffman@fr.com

Mark D. Siegmund
Cherry Johnson Siegmund James, PLLC
400 Austin Ave.
Ste 9th Floor
Waco, TX 76701
254-732-2242
Fax: 866-627-3509
Email: msiegmund@cjsjlaw.com

*Counsel for Defendants ASUSTek Computer Inc.*

　　　　　　　　　　　　　　　　　　　　　*/s/ Jacob C. Alstadt*
　　　　　　　　　　　　　　　　　　　　　Jacob C. Alstadt