M. Elizabeth Day SBN 177125
Hillary N. Bunsow SBN 278719
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Tel.: (650) 351-7248
Fax: (415) 426-4744
eday@bdiplaw.com
hillarybunsow@bdiplaw.com

*Counsel for Plaintiff*
*VideoLabs, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| IN RE: MOTION OF VIDEOLABS, INC. | Case No. 25-mc-80039-SVK<br><br>**VIDEOLABS, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL DOCUMENTS AND SOURCE CODE FROM THIRD PARTY GOOGLE LLC** |
|---|---|

**TABLE OF CONTENTS**

I. THE COURT SHOULD TRANSFER THIS MOTION TO TEXAS ..................................... 1

II. ALTERNATIVELY, THE COURT SHOULD COMPEL PRODUCTION............................ 1

A. The subpoena seeks highly relevant material not available through other means. ............ 1

B. The subpoena is narrowly tailored and production would not be burdensome. ................ 3

III. GOOGLE CANNOT RELY ON BASELESS CONFLICT OBJECTIONS TO EVADE OR DELAY PRODUCTION ........................................................................................ 5

IV. CONCLUSION ........................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-LHK, 2013 WL 3246094 (N.D. Cal. June 26, 2013) ....................................... 2

*In re Apple iPhone Antitrust Litigation*, No. 19-cv-03074-YGR (TSH), 2020 WL 5993223 (N.D. Cal. Oct. 9, 2020) ............................. 3

*In re Subpoena to Third Party Sentieon, Inc.*, No. 22-mc-80281-VKD, 2022 WL 17477092 (N.D. Cal. Dec. 6, 2022)..................................... 3

*Phigenix, Inc. v. Genentech, Inc.*, 783 Fed. App'x 1014 (Fed. Cir. 2019).......................................................................... 2

*Simpson Strong-Tie Co., Inc. v. Oz-Post Int'l, LLC*, 411 F. Supp. 3d 975 (N.D. Cal. 2019)........................................................................... 2

*Snow v. Align Techn., Inc.*, No. 21-cv-03269-VC (TSH), 2023 WL 2823503 (N.D. Cal. Apr. 6, 2023) ................................ 3

**Rules**

Fed. R. Civ. Proc. 45(d)(3)(C) ..................................................................................... 2

Fed. R. Civ. Proc. 8(a)..................................................................................................... 2

VideoLabs, Inc. ("VideoLabs") respectfully requests that the Court transfer this Motion to the Western District of Texas so the presiding court can decide the Motion in conjunction with Google's conflict objections. Alternatively, VideoLabs requests that the Court compel Google to produce highly relevant documents and/or source code related to Google's Widevine DRM system.

## I. THE COURT SHOULD TRANSFER THIS MOTION TO TEXAS

VideoLabs requests that the Court transfer this Motion for resolution by the presiding court best positioned to decide Google's subpoena objections, including its objections to VideoLabs' trial counsel Troutman Pepper Locke ("Troutman Pepper") viewing any productions. Google does not address VideoLabs' transfer request, thus conceding that judicial economy favors transfer.

## II. ALTERNATIVELY, THE COURT SHOULD COMPEL PRODUCTION

### A. The subpoena seeks highly relevant material not available through other means.

VideoLabs' subpoena properly seeks documents and source code regarding Google's Widevine DRM system. Widevine is a part of VideoLabs' infringement theory in the underlying litigation against HP Inc. ("HP"). VideoLabs alleges that HP's desktop and laptop computers running certain security systems, including Widevine, infringe U.S. Patent No. 8,291,236 (the "'236 Patent"). VideoLabs' infringement contentions show how Widevine, running on the accused products, meets several limitations of the asserted claims. Google cites no authority to support its nonsensical position that Widevine is irrelevant because the software is not itself accused of infringement, despite the fact that it is referenced throughout VideoLabs' infringement contentions.

That VideoLabs does not specifically mention Widevine by name in the amended complaint is of no moment. In the amended complaint, VideoLabs alleges that HP's accused products, running certain security systems, infringe the asserted claims of the '236 Patent. The amended complaint includes an exemplary infringement chart for Claim 130 of the '236 Patent showing how the HP

accused products, running certain security systems, infringe the claim. *See* D.I. 7-7 at 7-8 ("***For example***, the HDCP System receives security messages of a primary security system in a first domain from the upstream content control function[.] … Further, ***for example***, the HP Products with Intel Processors can receive media files protected using Intertrust ExpressPlay Digital Rights Management (DRM)"). VideoLabs was not required to list in the amended complaint every possible way in which it alleges the accused products infringe the '236 Patent. *See* Fed. R. Civ. Proc. 8(a) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief"). If that were the rule, then infringement contentions would be superfluous and unnecessary. VideoLabs properly disclosed how Widevine, in conjunction with other functionality of HP's products infringe, thus rendering discovery into Widevine proper. *See Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-LHK, 2013 WL 3246094, *3 (N.D. Cal. June 26, 2013) (infringement contentions disclose the plaintiff's theory of the case and thereby shape discovery); *Phigenix, Inc. v. Genentech, Inc.*, 783 Fed. App'x 1014, 1018 (Fed. Cir. 2019) (infringement contentions serve notice function thus "confining discovery and trial preparation to information that is pertinent to the theories of the case"); *Simpson Strong-Tie Co., Inc. v. Oz-Post Int'l, LLC*, 411 F. Supp. 3d 975, 981 (N.D. Cal. 2019) (infringement contentions "provide structure to discovery").

In addition, VideoLabs has shown a "substantial need" for the information "that cannot be otherwise met without undue hardship." Fed. R. Civ. Proc. 45(d)(3)(C). In the underlying litigation, VideoLabs has the burden to prove that the HP accused products infringe the '236 Patent. VideoLabs alleges that Widevine, running on the accused products, satisfies several limitations of the accused claims. Thus, VideoLabs must proffer admissible evidence establishing how Widevine functions. VideoLabs served discovery requests on HP seeking information regarding the technical

operation of Widevine, but HP objected to the extent that it does not have possession, custody, or control of such information. Ex. 8[1] at 11-12. HP never subsequently produced any Widevine information, nor is such information specifically sought obtainable from publicly-available sources. *Id.*, ¶ 3. Thus, VideoLabs has no other option but to obtain this evidence from Google. Further, any confidential material that Google produces will be subject to the provisions of the Protective Order in the underlying litigation that limit access to and disclosure of such information. Ex. 9. And VideoLabs has been, and remains, willing to discuss a stipulated Supplemental Protective Order to further protect Google's material.[2] Under such circumstances, courts in this district have routinely found a "substantial need" and ordered production. *See, e.g.*, *In re Subpoena to Third Party Sentieon, Inc.*, No. 22-mc-80281-VKD, 2022 WL 17477092, at *2-3 (N.D. Cal. Dec. 6, 2022) (ordering third party to produce its product source code where the defendant used the third party products in the accused products, because the source code was relevant to the plaintiff's infringement claims and detailed information about the products was not available from the defendant); *In re Apple iPhone Antitrust Litigation*, No. 19-cv-03074-YGR (TSH), 2020 WL 5993223, at *10-11 (N.D. Cal. Oct. 9, 2020) (ordering production of relevant documents that party was only able to obtain from third party); *Snow v. Align Techn., Inc.*, No. 21-cv-03269-VC (TSH), 2023 WL 2823503, at *2 (N.D. Cal. Apr. 6, 2023) (same).

**B. The subpoena is narrowly tailored and production would not be burdensome.**

VideoLabs' subpoena contains six narrow document requests related to the operation of Widevine. Google's conclusory arguments of breadth and burden are belied by the fact that Google

---

[1] Exhibit cites are to the Declaration of Hillary Bunsow filed concurrently.

[2] Google indicated on November 12, 2024 that it wished to negotiate a Supplemental Protective Order and that it would send VideoLabs a proposal. *See* D.I. 1-5 (Bunsow Nov. 14, 2024 email). To date, VideoLabs has not received a proposal from Google.

refuses to produce ***any*** discovery. Google further fails to mention that during conferrals the parties had agreed to a significantly narrowed scope of production before negotiations reached an impasse on other issues. *See* D.I. 1-5 (Bunsow Jan. 7, 2025 email). In the interest of reaching a resolution, VideoLabs would be willing to forego its requests for source code if Google produced the Widevine documentation package that it provides to Widevine licensees and provided a declaration that the Widevine source code (going back to 2017) operates as described in the documentation. It would be easy for Google to produce these documents that it routinely provides to customers, as well as confirm the operation of its own code that it developed and maintains—Google's refusal to produce these documents only demonstrates that Google is withholding clearly relevant discovery that would not be burdensome to provide.

Alternatively, if Google will not declare that Widevine source code operates as described in product documentation, then VideoLabs proposes that Google produce the product documentation and the two most recent major release versions of Widevine Windows and ChromeOS source code and related server source code, and provide confirmation that the functionality at issue was not substantively different in previous releases going back to 2017. Google previously agreed to this scope of source code production. *See* D.I. 1-5 (DiMarco Dec. 20, 2024 email). Further, it is common for parties producing source code to stipulate that certain versions are representative of previous versions, and it would be easy for Google to confirm this information.

VideoLabs requests information going back to 2017 because the damages period in the underlying litigation begins in 2017 and thus VideoLabs needs information to cover Widevine running on all accused products. VideoLabs' request for Widevine documentation is not duplicative of its source code requests, as the documentation provides information that cannot be gleaned from source code such as information on how Google's customers should implement Widevine

functionality. And Google's objection that VideoLabs' subpoena is vague about which Windows or ChromeOS devices are requested is disingenuous given that Google never expressed any such confusion during conferrals. As discussed during conferrals, Google has a Chrome version of the code that applies to Chrome devices and a Windows version that applies to Windows devices, and VideoLabs requests information about both versions. *See* D.I. 1-5 (DiMarco Dec. 20, 2024 email offering Widevine Windows and ChromeOS source code).

## III. GOOGLE CANNOT RELY ON BASELESS CONFLICT OBJECTIONS TO EVADE OR DELAY PRODUCTION

Google should not be permitted to avoid the subpoena by raising baseless conflict objections against Troutman Pepper. Google feigns interest in resolving its objections, yet when VideoLabs proposed that the parties jointly bring the issue to the Texas court, Google refused. Ex. 10. Nor did Google move to quash VideoLabs' subpoena on the grounds that there is a conflict, or file a motion to disqualify Troutman Pepper. In any event, Google's objections should be resolved by the Texas court. Thus, VideoLabs proposes that, should this Court grant VideoLabs' Motion and compel productions from Google, VideoLabs will raise the conflict issue before the Texas court and only its counsel Bunsow De Mory will view the material until the Texas court determines whether Troutman Pepper should also have access. Alternatively, if this Court prefers to resolve the conflict issue VideoLabs respectfully requests that the Court bifurcate that issue for supplemental briefing and otherwise resolve VideoLabs' Motion now, and Bunsow De Mory will solely access any productions until the issue of whether Troutman Pepper should also have access is resolved.

## IV. CONCLUSION

VideoLabs respectfully requests that the Court transfer this Motion to Texas or, alternatively, that the Court compel Google to produce the requested material related to Widevine.

Dated: March 12, 2025

Respectfully submitted,

*/s/ Hillary Bunsow*
M. Elizabeth Day SBN 177125
Hillary N. Bunsow SBN 278719
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Tel.: (650) 351-7248
Fax: (415) 426-4744
eday@bdiplaw.com
hillarybunsow@bdiplaw.com

*Counsel for Plaintiff*
*VideoLabs Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document has been served via the Court's CM/ECF system on all counsel of record who are registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Hillary Bunsow*
Hillary Bunsow