# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIDEOLABS, INC.,<br><br>    Plaintiff,<br>v.<br><br>HP INC.,<br><br>    Defendant. | Civil Action No. 6:23-CV-00641-DTG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT HP INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF VIDEOLABS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-49)**

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant HP Inc. ("HP") provides its Objections and Responses to Plaintiff VideoLabs, Inc.'s ("VideoLabs or "Plaintiff") First Set of Requests for Production (Nos. 1-49), subject to the General and specific objections set forth below. Discovery is ongoing, and HP reserves the right to amend, modify, and/or supplement these responses pursuant to Fed. R. Civ. P. 26 and 34.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    HP will make reasonable efforts to respond to any unobjectionable portion of these requests as HP understands and interprets each request. If VideoLabs subsequently asserts any interpretation that differs from HP's interpretation, HP reserves the right to supplement or amend its objections and responses.

2.    HP objects to each and every request to the extent that it prematurely seeks the disclosure of information, documents, contentions, or expert opinion or testimony, or that otherwise conflicts with the disclosure requirements set forth in the relevant Federal Rules of Civil Procedure, the Local Rules, or the scheduling order entered in this Case.

3.    HP objects to each and every request to the extent that it includes terms that call for

1

Product." HP further objects to this Request as overly broad and unduly burdensome to the extent it seeks information related to "each and every audio processing unit." HP further objects to this Request to the extent it calls for or requires a legal conclusion or expert analysis. HP further objects to this Request to the extent it seeks information that is outside of HP's possession, custody, or control. HP further objects to this Request to the extent that it seeks information subject to or restricted by a confidentiality agreement with a Third Party. HP further objects to this Request to the extent it seeks information that is already in Plaintiff's possession, in the public domain, or equally available to Plaintiff as it is to HP.

Subject to and without waiver of the foregoing General and specific objections, HP will produce nonprivileged responsive documents to the extent such documents exist, that are within HP's possession, custody, or control, and can be located through a reasonable search.

**Request for Production No. 9.** For each HP Product, Documents, Things, and Source Code sufficient to identify and describe the design, function, operation, and implementation of hardware, software, and/or firmware related to content protection systems such as Google Widevine, Apple FairPlay, Microsoft PlayReady, and Intertrust ExpressPlay, including but not limited to hardware-based protection (*e.g.*, secure element or trusted execution environment (TEE)), software-based protection (*e.g.*, software secure element (SSE) or white-box cryptography (WBC)), and/or hybrid protection solutions implemented by each HP Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the foregoing General Objections, HP specifically objects to this Request as overly broad and unduly burdensome to the extent it seeks information related to "each HP Product." HP objects to this Request as is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "content protection systems" including "Google Widevine, Apple FairPlay, Microsoft PlayReady, and Intertrust ExpressPlay," for "each HP Product," irrespective of its relevance to any claim or defense at issue in this Case. HP objects to this Request as is vague, ambiguous, overly broad,

11

unduly burdensome, and not proportional to the needs of the case to the extent it seeks an identification of "hardware-based protection," "software-based protection," "white-box cryptography," and/or "hybrid protection solutions implemented by each HP Product" irrespective of its relevance to any claim or defense at issue in this Case.

HP further objects to this Request to the extent it calls for or requires a legal conclusion or expert analysis. HP further objects to this Request to the extent it seeks information that is outside of HP's possession, custody, or control. HP further objects to this Request to the extent that it seeks information subject to or restricted by a confidentiality agreement with a Third Party. HP further objects to this Request to the extent it seeks information that is already in Plaintiff's possession, in the public domain, or equally available to Plaintiff as it is to HP.

Subject to and without waiver of the foregoing General and specific objections, HP will produce nonprivileged responsive documents to the extent such documents exist, that are within HP's possession, custody, or control, and can be located through a reasonable search.

**Request for Production No. 10.** For each HP Product, Documents, Things, and Source Code sufficient to identify and describe the design, function, operation, and implementation of hardware, software, and/or firmware related to High-bandwidth Digital Content Protection (HDCP), including but not limited to the HDCP revision/version supported by each HP Product, testing or verification information for HDCP compliance, and the identification (*e.g.*, manufacturer, model number/version) of hardware or software components supporting HDCP compliance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the foregoing General Objections, HP specifically objects to this Request as overly broad and unduly burdensome to the extent it seeks information related to "each HP Product." HP further objects to this Request to the extent it calls for or requires a legal conclusion or expert analysis. HP further objects to this Request to the extent it seeks information that is outside of HP's possession, custody, or control. HP further objects to this Request to the extent that it seeks information subject to or restricted by a confidentiality agreement with a Third Party.

| | |
|---|---|
| Dated:  September 16, 2024 | Respectfully submitted,<br><br> /s/ Rick L. Rambo<br>Rick L. Rambo<br>Texas Bar No. 00791479<br>rick.rambo@morganlewis.com<br>David J. Levy<br>Texas Bar No. 12264850<br>david.levy@morganlewis.com<br>Thomas R. Davis<br>Texas Bar No. 24055384<br>thomas.davis@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1000 Louisiana Street, Suite 4000<br>Houston, TX 77002-5005<br>Telephone: (713) 890-5000<br>Facsimile: (713) 890-5001<br><br>Jason E. Gettleman<br>California Bar No. 269733<br>jason.gettleman@morganlewis.com<br>Corey R. Houmand<br>California Bar No. 236638<br>corey.houmand@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1400 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 843-4000<br>Facsimile: (650) 843-4001<br><br>Emily K. Burge<br>DC Bar No. 1780543<br>emily.burge@morganlewis.com<br>Eunjean Je<br>New York Bar No. 5830641<br>eunjean.je@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1111 Pennsylvania Ave, N.W.<br>Washington, D.C. 20004-2541<br>Telephone: (202) 739-3000<br>Facsimile: (202) 739-3001<br><br>**ATTORNEYS FOR DEFENDANT HP INC.** |