# EXHIBIT 9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

|  |  |
|---|---|
| VIDEOLABS, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>HP INC.<br><br>    Defendant. | CA No. 6:23-cv-00641-DTG<br><br>**Jury Trial Demanded** |

## PROTECTIVE ORDER

WHEREAS, Plaintiff VideoLabs, Inc. ("VideoLabs") and Defendant HP Inc. ("HP"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL"

1

shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3. With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY," individually and collectively.

marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

(a) Outside counsel of record in this Action for the Parties.

(b) Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)     In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)     Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party or Third Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The producing Party or Third Party and receiving Party agree to promptly confer and use good faith to resolve any such objection. If the producing Party or Third Party and receiving Party are unable to resolve any objection, the objecting Party or Third Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as they may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party or Third Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)     The Court and its personnel.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential

or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.     Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."

9.     For Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel pursuant

to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10. For Protected Material designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11. For Protected Material designated CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY, the additional restrictions set forth in the Source Code Addendum (Appendix A) apply.

12. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's or Third Party's Protected Material that is designated CONFIDENTIAL – ATTORNEYS' EYES ONLY, CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise learns, in whole or in part, a producing party's technical HIGHLY SENSITIVE MATERIAL under this Protective Order are prohibited from participating in the preparation or prosecution of any patent, patent application, or reissue, or for drafting or revising a patent claim, related to the particular confidential information disclosed in the technical HIGHLY SENSITIVE MATERIAL that was filed, or that claims priority from an application that was filed, less than one year following the earlier of (1) the final termination of this Action (including any

appeals); or (2) executing and providing to the producing party notice of withdrawal of the individual's subscription to the Protective Order. For clarity, the above prohibition shall not include representing a party or otherwise participating in any reexamination, inter partes review, or other post-grant review proceeding, provided such representation or other participation in such proceedings does not include any involvement in drafting or seeking amendment of any claims on behalf of the represented party.

13.    Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.  The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

14.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized

to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL

SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

17. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application

shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

21.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents,

information, or other material so produced or given shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

23.    Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall be destroyed. The receiving Party shall verify the destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24.    The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.    Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.    Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced

so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27.    Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

SIGNED this 23rd day of October, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| VIDEOLABS, INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>HP INC.<br><br>       Defendant. | CA No. 6:23-cv-00641-DTG<br><br>**Jury Trial Demanded** |

**APPENDIX A
SOURCE CODE ADDENDUM**

1. <u>Source Code</u>. A Party or Third-Party ("Supplier") may designate documents, information, or things that constitute or contain non-public Source Code as "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY." The Party or Third Party that designates and produces Source Code is referred to below as the "Supplier."

   a. "Source Code" shall mean computer code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), any text written in any high-level programming language defining firmware and/or software functionalities implemented on an integrated circuit, microcode, schematics, layout files, process flows, recipes, computer aided design (CAD) files that describe the hardware design of any component, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance

1

of doubt, Source Code includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files. For avoidance of doubt, file paths, file names, function names, version or revisions identifications, and/or directory listings shall not be considered Source Code, however, they shall be considered CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under the Protective Order.

b. Unless otherwise ordered by the Court, or permitted in writing by the Supplier, materials designated as "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY," shall only be reviewable by SOURCE CODE QUALIFIED PERSONS. SOURCE CODE QUALIFIED PERSONS include the following:

   i. The categories of individuals listed in Paragraph 10 of the Protective Order, subject to the restrictions therein;

   ii. A Supplier's own employees, 30(b)(6) witnesses, or expert witnesses;

   iii. Any witnesses during a deposition or court hearing where specific documentary or testimonial evidence establishes that the Source Code was authored or received by the witness without any violation of any confidentiality obligation owed to the Supplier; and

   iv. Anyone else to whom the Supplier consents, as long as such consent is expressly provided in writing by outside counsel of record for the Supplier.

2. <u>Production of Source Code for Inspection</u>. Source Code shall be provided for inspection with the following additional protections:

2

a.   Nothing in this Protective Order shall obligate a Party or Third Party to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

b.   Access to Source Code shall be limited to SOURCE CODE QUALIFIED PERSONS. Access to each Supplier's Source Code shall be provided on: (1) a "standalone" computer (that is, a computer not connected to a network or the Internet, and that is locked down so that additional peripheral devices cannot be connected to it); or a networked computer configured to connect (via a Virtual Private Network of Virtual Network Computing connection) to a source code review environment hosted on a remote server maintained by the Supplier (hereinafter, individually and collectively, the Source Code Computer).

c.   The Source Code Computer shall be kept in a secure location at the offices of the Supplier's outside litigation counsel or such other location agreed to in writing. If the Supplier or the Supplier's outside litigation counsel has offices in more than one location, the Supplier and receiving party shall meet and confer regarding the office at which the Source Code Computer will be kept.

d.   The Source Code Computer may be password protected and shall have the Source Code stored on a hard drive contained inside the Source Code Computer or, at the Supplier's election, otherwise accessible on the Source Code Computer. The Source Code Computer shall have sufficient performance capability to efficiently view and access the "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY," and shall include an external mouse, external keyboard, and external monitor; the monitor shall be at least 27-inch diagonal and

at least 1080p resolution.

e. Any produced Source Code shall be produced in a computer searchable format on the Source Code Computer. The receiving party may request that commercially available software tools for viewing and searching Source Code be installed on the stand-alone computer, provided that such tools are consistent with the protections herein. In that instance, the receiving party must provide the Supplier with the licensed software tool(s) at least five days in advance of the date upon which the receiving party wishes to have the software tools available for use on the source code computer. The receiving party bears the cost of all licenses for any tools on such source code computer, if any. The receiving party shall not at any time compile or synthesize the Source Code. In no event may any SOURCE CODE QUALIFIED PERSONS alter, modify, delete, copy, or otherwise reproduce or remove any Source Code, except to the extent otherwise permitted herein. To the extent that such tools record local working files or other records reflecting the work performed by the receiving party, such files and records shall not be reviewed, altered, or deleted by the Supplier.

f. Within twenty-four (24) hours of the production of Source Code, the Supplier will provide, via email, the receiving party with a manifest of the contents of the Source Code Computer. The manifest shall list the name and location of every file being made available for inspection, and shall be updated each time additional Source Code is loaded to the Source Code Computer.

g. The receiving party shall provide at least three (3) business days' notice to access the Source Code and make reasonable efforts to restrict its requests for access to

the Source Code Computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:30 p.m. local time at the reviewing location. Upon reasonable notice from the receiving party, which shall not be less than five (5) business days in advance, the Supplier shall make reasonable efforts to accommodate the receiving party's request for access to the computer outside of normal business hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing location. Notice for a subsequent review shall be sufficient when provided by 1:00 p.m. (local time at the location of the Source Code Computer) during the course of a review session, for such review to continue on the next subsequent business day.

h.  The parties agree to cooperate in good faith such that maintaining the Source Code Computer at the offices of the Supplier's outside litigation counsel shall not unreasonably hinder the receiving party's ability to efficiently conduct the prosecution or defense in this Action. The Source Code Computer will be available until the close of discovery in this Action, including throughout fact and expert discovery, and during pre-trial and trial periods, or until such other time as the Supplier and the receiving Party mutually agree. Hard copy printouts of Source Code will be made available at trial and during depositions of witnesses who would otherwise be permitted access to such material.

i.  The receiving party must identify in writing to the Supplier the persons who will be conducting the inspection or will be present during the inspection no less than 24 hours in advance of any such inspection. Before being permitted access to the Source Code Computer, an individual must provide a photo identification card

sanctioned by the government of a state of the United States or by the national government of the individual's current citizenship. The Supplier shall provide these individuals with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code on the Source Code Computer.

j. The Supplier may exercise personal supervision from outside the review room over the receiving party when the receiving party is in the Source Code review room to ensure compliance with the restrictions herein. Such supervision, however, shall not entail review of any work product generated by the receiving party, e.g., monitoring the screen of the secure computer, monitoring any surface reflecting any notes or work product of the receiving party, or monitoring the key strokes of the receiving party. There will be no video supervision by any Supplier. The Supplier may employ security measures on the Source Code Computer such as physical measures to prevent or detect tampering with the Source Code Computer, disabling of communication ports and software functionality, data encryption, access logging limitations on access privileges by the receiving party, and specification and configuration of the operating system, so long as such measures do not impact the normal operation of the reasonable analysis tools to be used for inspecting the Source Code. In order to verify that its Source Code has not later been altered, the Supplier may benchmark the materials before and after they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer(s).

k. No person other than the Supplier may alter, dismantle, disassemble, or modify the

Source Code Computer in any way, or attempt to circumvent any security feature of the Source Code Computer. The receiving party must not at any time use any compilers, interpreters or simulators in connection with produced Source Code. In no event may tools be installed on the Source Code Computer that have the effect of altering, modifying, deleting, copying, or otherwise permitting the reproduction or removal of any Source Code. The receiving party may not bring any electronic devices into the secured review room, including but not limited to, cameras, video recording equipment, sound recording equipment, smartphones, tablets, cellular telephones, laptops or computers, floppy drives, CDs, DVDs, USB-connectable devices, zip drives or any drives of any kind, peripheral equipment and/or other electronic recording media. The receiving party may also not bring any loose paper that could be used in a printer into the secured review room.

l. The receiving party may take notes related to the Source Code, so long as such notes are clearly designated and treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under the Protective Order. Written notes relating to the Source Code may be taken only in spiral- or permanently-bound notebooks. Notwithstanding the provisions against making copies of Source Code, file name and location (i.e., directory path) may be copied into the notes.

m. The Supplier may maintain a log identifying: (a) the name of each person who accessed the Secure Room; (b) the date and time of access; (c) the length of time of access; and (d) whether any pages were printed. The Supplier may also retain copies of any printed pages of the Source Code.

n. The Source Code Computer shall be configured with a means for selecting Source

Code for printing, as permitted herein.

    i. Subject to the specific restrictions set forth herein, SOURCE CODE QUALIFIED PERSONS may select reasonable portions of the Source Code to print only when reasonably necessary to facilitate the Receiving Party's preparation of filings with the Court, expert reports, contentions, and trial exhibits, and shall print only such portions as are believed to be relevant to the claims and defenses in the case and are reasonably necessary for such purposes.

    ii. SOURCE CODE QUALIFIED PERSONS shall not print Source Code that has not been reviewed on the Source Code Computer, or in order to review the Source Code elsewhere in the first instance, i.e., as an alternative to reviewing the Source Code electronically on the Source Code Computer.

    iii. All original printed pages of Source Code shall be retained by the Supplier. The receiving party is prohibited from removing the original printed pages from the Secure Room. At the request of the receiving party, the Supplier shall, within three (3) business days, deliver eight (8) copies[2] of such pages to at least one mutually-agreed location, such as the offices of the receiving party's outside counsel. The Supplier shall provide the printout to the reviewing party via hand-delivery.

    iv. The Supplier and the receiving party shall meet and confer regarding any

---

[2] Instead of providing eight (8) copies of the requested material, the Supplier may choose to provide two (2) copies of the requested material along with written permission for the receiving Party to make up to six (6) additional copies. The copies made by the receiving Party shall be subject to the same provisions governing hard copy printouts of Source Code provided by the Supplier.

hard copies of the Supplier's Source Code requested by the receiving party that exceed 50 continuous pages or ten (10) percent or more of the produced Source Code for any product family.

    v.  If the Supplier objects in any manner to the production of the requested source code (e.g., the request is too voluminous), it shall state its objection within an allotted two (2) business days pursuant to this paragraph. In the event of a dispute, the parties will meet and confer within three (3) business days of the objection being raised and if they cannot resolve it, the parties will raise it with the Court.

3. <u>Production and Maintenance of Hard Copy Source Code Printouts</u>. Hard copy printouts Source Code shall be produced and maintained with the following additional protections:

    a.  Hard copy printouts of Source Code shall be provided on sequentially Bates numbered and watermarked or colored paper clearly labeled CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY on each page, and shall include the full directory path of the file from which the potion of Source Code is selected from printed on each sheet of the printouts. If a watermark is used, the watermark shall not obscure any portion of the Source Code or otherwise interfere with its readability.

    b.  Hard copy printouts of Source Code shall be kept at all times in the office(s) of the receiving party's outside counsel to which the Supplier delivered them or in the offices of SOURCE CODE QUALIFIED PERSONS (excluding home offices, unless a Supplier receives advance written notice that the SOURCE CODE QUALIFIED PERSON's home office is the individual's only office and does not

object within ten (10) days of such notice). The Source Code printouts must be kept in a locked storage container in a locked room or closet where they will not be accessible to persons other than those allowed access under this Protective Order. The Supplier and receiving party will meet and confer regarding the proposed storage of Source Code printouts at the home office of any SOURCE CODE QUALIFIED PERSON infected by COVID. A Supplier may require reasonable additional security provisions if Source Code is kept at a home office. No more than three (3) Source Code printouts provided by the Supplier may be kept at any location other than the office(s) of the receiving party's outside counsel.

c.  The receiving party may also temporarily keep the printouts at: (1) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s) and during hours when the proceeding(s) are being conducted, but in no event overnight (except in the event the paper copies are kept at the Court overnight because they were submitted/filed with the Court); (2) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s) during hours when the deposition(s) are being conducted, but in no event overnight in a deposition room (during which time such Source Code shall be secured as otherwise required by the Protective Order); and (3) any reasonably secure intermediate location reasonably necessary to transport the printouts (e.g., a locked hotel room prior to a Court proceeding or deposition). The receiving party shall exercise due care in limiting visual access to the printouts, maintaining the security of the printouts at these temporary locations, and transporting the printouts to and from these temporary locations.

d. Information designated as CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY must be stored and maintained at a location in the United States and in a secure manner that ensures that access is limited to SOURCE CODE QUALIFIED PERSONS. "Export Controlled Information" means all Source Code and any other material identified by a Supplier as being subject to federal export control regulations, including the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, et seq. Export Controlled Information is prohibited (a) from being disclosed to anyone who is not a "U.S. Person" (as defined in 22 C.F.R. § 120.15), including outside counsel and technical experts, and (a) from being transported or transmitted outside of the United States or to any recipient who is located outside of the United States. Outside counsel must store all Export Controlled Information in a manner such that access is limited to U.S. Persons. If a party anticipates disclosing Export Controlled Information to the Court, including at any hearing, it will confer on the proper safeguards to avoid an export violation with the Supplier and, if necessary, the Court. To the extent that a receiving party is authorized to transport or transmit electronic copies of confidential business information, only the following methods may be used: (1) encrypted email using an encryption tool that has a password of at least 20 characters in length and using at least 128-bit Advanced Encryption Standard (AES) cipher option; (ii) a secure FTP site that implements 256-bit AES encryption over SSL and utilizes access controls, and the files containing the information are encrypted using a password of at least 20 characters and 256-bit AES encryption and are removed from the Secure FTP site within 3 days; and (iii) hand-delivery,

where the data is stored on an encrypted hard- drive using at least AES 128-bit hardware encryption algorithm and a removable hardware key or an RFID secured card.

e.  The receiving party must maintain a log identifying each person who reviews Source Code printouts. The receiving party must produce, upon written request, such log to the producing Supplier within one month of final termination of this Action (including any appeals) or, during this Action, upon two (2) business days' advance notice to the receiving party only when the Supplier has a good faith reasonable basis for believing that a violation of this Protective Order has occurred and explains the basis for such belief in writing at the time of the request for the log.

f.  Nothing in this Protective Order shall be construed to limit how a Supplier may maintain material designated as CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY.

4.  Use of CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY.

a.  Except as explicitly permitted herein, the receiving party is prohibited from making additional copies or scanning the printouts. Any permitted copies shall be made using watermarked or colored paper clearly labeled CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY on each page.

b.  The receiving party must provide the Supplier with three (3) calendar days' advanced notice if it intends to use Source Code printouts at a deposition or at a hearing. To the extent a receiving party uses printouts of Source Code at a deposition or hearing, the receiving party is not required to provide a copy of the

Source Code to any other party at the deposition or hearing. A receiving party is prohibited from making copies of Source Code for use at a deposition or at a hearing without the Supplier's prior written consent. Absent such consent, the receiving party must provide the Supplier with seven (7) calendar days' advance notice of its need for printed copies and identify the required pages by production number. The Supplier will then either (i) authorize the receiving party to prepare five (5) additional copies for preparation and use in the deposition or hearing or (ii) agree to supply five (5) additional copies itself seven (7) calendar days before the deposition or hearing. Copies will not be attached to deposition transcripts; rather, the deposition record will identify such an exhibit by its production number. One hard copy of the source code may be marked as an exhibit for the deposition, and then maintained by counsel for the party presenting the exhibit during the deposition in a secured locked area consistent with the requirements for CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY set forth herein. All other copies shall be destroyed immediately after the deposition is concluded.

c. The receiving party may scan excerpts of CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY for use in an expert report or other discovery document. The receiving party must limit the scanned excerpts to the amount the receiving party believes in good faith to be reasonably necessary for use in an expert report or other discovery document. To the extent CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY is referenced in an expert report or other discovery document, the excerpts must be

limited to the amount the party believes in good faith to be reasonably necessary to support the specific argument made, but in no event may an excerpt exceed 50 contiguous lines of code. Documents containing excerpts must be designated "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY." Any copies of such reports that include any excerpt of Source Code may only be transmitted by secure ftp transfer (or equivalent) or by hand delivery.

d. A receiving party that wants to file or otherwise submit pages of Source Code in connection with a filing may, no earlier than twenty-four (24) hours prior to the relevant filing, make only as many copies, and only of the specific excerpts or pages as needed, for submission. The receiving party must file the materials under seal. To the extent this is not permitted by the Court, the parties agree to confer in good faith regarding the generation, handling, storage, and destruction of electronic copies of Source Code. To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY; or (2) those pages containing quoted Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY.

e. To the extent permitted by the Court, the parties will seek permission to treat printouts of Source Code, as physical exhibits that will be submitted to the Court in sealed and labeled envelopes.

f. The Supplier shall, on request, make a searchable electronic copy of the Source Code available on a Source Code Computer or a secure computer during

14

depositions and evidentiary hearing testimony of witnesses who would otherwise be permitted access to such Source Code. The receiving party shall make such a request at least three (3) business days before the depositions and evidentiary hearing.

g.  Upon final termination of this Action (including any appeals), and unless the Court orders otherwise or the Supplier provides written permission, hard copy printouts of Source Code shall be destroyed, and the receiving party shall certify to the Supplier that all hard copy printouts of Source Code have been destroyed.

5.  Technical experts for a receiving party who personally review any technical HIGHLY SENSITIVE MATERIAL[3] must execute the attached Exhibit A to this Protective Order, in which they agree not to perform hardware, software, or product development work for commercial purposes that is related to the particular confidential information disclosed in the technical HIGHLY SENSITIVE MATERIAL less than one year following the earlier of (1) the final termination of this Action (including any appeals); or (2) executing and providing to the Supplier notice of withdrawal of the individual's subscription to the Protective Order.

6.  As set forth in paragraph 12 of the Protective Order, individuals associated with a receiving party (i.e., outside counsel and technical experts) who obtains, receives, or otherwise learns, in whole or in part, the Supplier's technical HIGHLY SENSITIVE MATERIAL under this Protective Order are prohibited from participating in the preparation or prosecution of any patent, patent application, or reissue, or for drafting or revising a patent claim, related to the particular confidential information disclosed in the technical HIGHLY

---

[4] As defined in paragraph 12 of the Protective Order.

SENSITIVE MATERIAL that was filed, or that claims priority from an application that was filed, less than one year following the earlier of (1) the final termination of this Action (including any appeals); or (2) executing and providing to the Supplier notice of withdrawal of the individual's subscription to the Protective Order. For clarity, the above prohibition shall not include representing a party or otherwise participating in any reexamination, inter partes review, or other post-grant review proceeding, provided such representation or other participation in such proceedings does not include any involvement in drafting or seeking amendment of any claims on behalf of the represented party.

SIGNED this 23rd day of October, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

VIDEOLABS, INC.,

        Plaintiff,

    v.

HP INC.

        Defendant.

CA No. 6:23-cv-00641-DTG

**Jury Trial Demanded**

## EXHIBIT A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER AND SOURCE CODE ADDENDUM

I, _____, declare that:

1.     My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.     I have received a copy of the Protective Order and Source Code Addendum (Appendix A) in this action. I have carefully read and understand the provisions of the Protective Order and Source Code Addendum.

3.     I will comply with all of the provisions of the Protective Order and Source Code Addendum, including restrictions on (1) hardware, software, and product development work as set forth in paragraph 5 of the Source Code Addendum; and (2) participation in patent prosecution activities described in paragraph 12 of the Protective Order (and restated in paragraph 6 of the Source Code Addendum). I will hold in confidence, will not disclose to anyone not qualified under the Protective Order and Source Code Addendum, and will

1

use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of these actions, I will return or destroy and certify as such all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and Source Code Addendum in this action.


I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____